1  ERIC MECKLEY, State Bar No. 168181
   KATHRYN M. NAZARIAN, State Bar No. 259392
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Tower
3  San Francisco, CA  94105
   Tel:  415.442.1000
4  Fax:  415.442.1001
   emeckley@morganlewis.com
5  knazarian@morganlewis.com

6  Attorneys for Defendants
   ARAMARK UNIFORM & CAREER APPAREL,
7  LLC (erroneously sued as ARAMARK UNIFORM
   & CAREER APPAREL GROUP, INC.,
8  ARAMARK UNIFORM & CAREER APPAREL,
   INC., and ARAMARK UNIFORM SERVICES,
9  INC.)

ORIGINAL
FILED

MAR - 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA          DMR

12

13  MARTHA MORAZAN, individually, and        Case No.  C 13    0936
    on behalf of all others similarly situated,
14                                            **NOTICE OF REMOVAL OF ACTION**
                   Plaintiff,
15                                            [28 U.S.C. §§ 1331, 1441, 1446 & 1453]
            vs.
16
    ARAMARK UNIFORM & CAREER
17  APPAREL GROUP, INC., a California
    corporation; ARAMARK UNIFORM &
18  CAREER APPAREL, INC., a California
    corporation; ARAMARK UNIFORM
19  SERVICES, INC., a California
    corporation; ARAMARK UNIFORM &
20  CAREER APPAREL, LLC, a California
    limited liability corporation; and DOES 1-
21  20, inclusive,

22                 Defendants.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants ARAMARK UNIFORM & CAREER APPAREL, LLC (erroneously sued as ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., ARAMARK UNIFORM & CAREER APPAREL, INC., and ARAMARK UNIFORM SERVICES, INC.) (collectively "Defendants") by and through their counsel, remove the above-entitled action from the Superior Court of the State of California for the County of Alameda, to this Court pursuant to 28 U.S.C. Sections 1331, 1441, 1446, and 1453, and state that this Court has jurisdiction over the action because it includes a claim arising under the laws of the United States. Removal is based on the following grounds:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S. § 1453.

2.      On or about November 20, 2012, Plaintiff MARTHA MORAZAN ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Alameda, entitled *MARTHA MORAZAN, individually, and on behalf of all others similarly situated v. ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., a California corporation; ARAMARK UNIFORM & CAREER APPAREL, INC., a California corporation; ARAMARK UNIFORM SERVICES, INC., a California corporation; ARAMARK UNIFORM & CAREER APPAREL, LLC, a California limited liability corporation; and DOES 1-20, inclusive*, Case Number RG 12656992 ("Complaint"). The Complaint alleges eleven (11) causes of action, including: (1) failure to pay for all hours worked pursuant to Labor Code Sections 221, 222, 223, 1182.12, 1194 *et seq.*; (2) failure to pay overtime pursuant to Labor Code Sections 510, 1194, 1198; (3) failure to provide mandated meal periods pursuant to Labor Code Sections 226.7, 512; (4) failure to provide mandated rest periods pursuant to Labor Code Section 226.7; (5) failure to timely pay all wages earned pursuant to Labor Code Sections 204b, 210; (6) failure to furnish accurate itemized wage statements pursuant to Labor Code Sections 226, 226.3; (7) failure to pay all wages upon termination pursuant to Labor Code Sections 203, 256; (8) failure to pay minimum wages in violation of Fair Labor Standards Act; (9) failure to pay overtime wages in violation of Fair Labor Standards Act; (10) unlawful and/or unfair business practices pursuant to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

NOTICE OF REMOVAL
Case No. _____

DB2/ 23925706.1

1   Business and Professions Code Section 17200 *et seq.*; (11) violation of the California Private

2   Attorney General Act.  A true and correct copy of the Summons and Complaint, with attached

3   Exhibit, are attached hereto as Exhibit A.

4       3.      On January 14, 2013, the state court issued minutes and an order designating the

5   case as complex pursuant to Rule 3.400 *et seq*. of the California Rules of Court.

6       4.      The Summons and Complaint, along with the state court civil cover sheet and

7   ADR Packet and January 14, 2013 state court minutes and order, were served upon Defendants on

8   February 21, 2013 by process server.  A true and correct copy of the state court's January 14

9   minutes and order, the state court civil cover sheet and ADR packet are attached hereto as Exhibit

10  B.

11      5.      Exhibits A and B constitute all process, pleadings and orders served upon

12  Defendants in this action.

13      6.      Because this Notice of Removal is filed within thirty days of service of the initial

14  Summons and Complaint upon Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C.

15  § 1453.

16      7.      This action is a civil action as to which the federal courts have original jurisdiction

17  under 28 U.S.C. § 1331, and which may be removed by Defendant to federal court under the

18  provisions of 28 U.S.C. § 1441, because it includes a claim arising under the laws of the United

19  States.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

20  **I.      A FEDERAL QUESTION EXISTS**

21      8.      The Eighth and Ninth Causes of Action in the Complaint allege that Defendants'

22  actions were in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

23  207(a)(1), because Defendant allegedly failed to pay minimum wages and overtime compensation

24  as required by 29 U.S.C. §§ 201, *et seq*., and federal regulations promulgated under the FLSA.

25  Complaint, ¶¶ 77-99.  The Eighth and Ninth Causes of Action do not allege that Defendants'

26  conduct was independently unlawful under California substantive law.

27      9.      In addition, Plaintiffs have "artfully pled" alleged violations of the FLSA as a state

28  law claim for the restitution of overtime wages, under California Business and Professions Code §

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF REMOVAL
Case No. _____

17200. Complaint, ¶ 104. This attempt to engraft a state law remedy on alleged violations of a federal law does not change the fact that the claim is necessarily federal in character, and Plaintiff's right to relief depends entirely on the resolution of whether Defendant violated the FLSA. *See Hermanson v. Salomon Smith Barney*, 266 F. Supp. 2d 1208, 1211 (S.D. Cal. 2003) (the requirements for federal jurisdiction are met where a federal violation is pled under the auspices of a state cause of action).

10.     The federal question – the purported violation of the FLSA – in Plaintiff's Eighth and Ninth Causes of Action is "substantial," because the vindication of the purported state law right embodied in California Business and Professions Code Section 17200 "necessarily turn(s) on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Moreover, claims under the FLSA are clearly within a class of cases "for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 814. Indeed, an employer's obligations under the FLSA can be enforced through a direct private right of action under federal law. *See* 29 U.S.C. § 216(b) (authorizing awards of unpaid overtime, "liquidated" damages, and attorney's fees). The availability of a direct federal right of action demonstrates that the FLSA issue in this case is a "substantial" federal question "arising under" the laws of the United States. *See Id.* (determining the presence of "substantial" federal question in state-law tort claim based on availability of a private right of action under federal law).

11.     Plaintiff's remaining Causes of Action are claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(a), because they form part of the same case or controversy as the claims over which this Court would have original jurisdiction.[1]

---

[1] To the extent Plaintiff's proposed class action encompasses persons for whom the California Labor Code § 514 collective bargaining exemption to California's overtime pay requirements applies, Plaintiff's claim for failure to pay overtime premium pay is subject to complete preemption pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), because the resolution of this claim is substantially dependent upon, and requires an analysis and interpretation of, the applicable collective bargaining agreement ("CBA") and, specifically the meaning and interpretation of the overtime pay provisions of the CBA. *See Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063, 1066-67 (9th Cir. 2000). For the same reasons with respect to California Labor Code § 512(e), complete preemption of Plaintiff's meal period claim would also exist under § 301.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23925706.1

3

NOTICE OF REMOVAL
Case No. _____

## II.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

12.    Because this Notice of Removal is filed within thirty days of service of the Complaint upon Defendants, it is timely under 28 U.S.C. Section 1446(b).

13.    As Plaintiff filed this action in the Superior Court of the State of California, County of Alameda, removal to the United States District Court, Northern District of California, is proper under 28 U.S.C. Section 1441(a).

14.    As required by 28 U.S.C. Section 1446(d), Defendants will provide notice of this removal to Plaintiffs through their attorneys of record.

15.    As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of Alameda.

16.    Defendants have sought no similar relief.

17.    If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present further briefing in support of their position that this case is removable.

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. Section 1446, Defendants pray that the above-captioned action pending in the Superior Court of the State of California, County of Alameda, be removed to this Court.

Dated: March 1, 2013                                MORGAN, LEWIS & BOCKIUS LLP


By  _____
        Eric Meckley
        Kathryn M. Nazarian

        Attorneys for Defendants
        ARAMARK UNIFORM & CAREER
        APPAREL, LLC (erroneously sued as
        ARAMARK UNIFORM & CAREER
        APPAREL GROUP, INC., ARAMARK
        UNIFORM & CAREER APPAREL, INC.,
        and ARAMARK UNIFORM SERVICES,
        INC.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23925706.1

4

NOTICE OF REMOVAL
Case No. _____

# Exhibit A

  

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., a California corporation; ARAMARK
UNIFORM & CAREER APPAREL, INC., a California corporation; ARAMARK UNIFORM SERVICES,
INC., a California corporation; ARAMARK UNIFORM & CAREER APPAREL, LLC., a California
limited liability corporation; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARTHA MORAZAN, individually, and on behalf of all others
similarly-situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

NOV 20 2012

CLERK OF THE SUPERIOR COURT
By _____
                                    Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of Alameda County | *(Número del Caso):* |
| 1225 Fallon Street, Oakland, CA 94612 | R G 1 2 6 5 6 9 9 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laura L. Ho, Goldstein Demchak, et al., 300 Lakeside Dr., Ste. 1000, Oakland, CA 94612; (510) 763-9800

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* NOV 20 2012   **PAT S. SWEETEN** | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

*10979477*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Laura L. Ho
Goldsetein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
TELEPHONE NO.: (510) 763-9800    FAX NO.: (510) 835-1417
ATTORNEY FOR *(Name):* Plaintiff Martha Morazan and putative class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

FILED
ALAMEDA COUNTY
NOV 20 2012
CLERK OF THE SUPERIOR COURT
By _____ Deputy

CASE NAME:
Martha Morazan v. Aramark Uniform & Career Apparel Group, Inc.

| CIVIL CASE SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | R G 1 2 6 5 6 0 9 2 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* Eleven

5. This case [✓] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 20, 2012
Laura L. Ho
_____
(TYPE OR PRINT NAME)            ▶ Laura Ho / by LYC
                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*




1  DAVID D. SOHN, Cal. Bar No. 221119
   david@sohnlegal.com
2  SOHN LEGAL GROUP, P.C.
   425 California Street, 19th Floor
3  San Francisco, California 94104
   415-421-1300; 415-421-1815 (Fax)
4
   DAVID BORGEN, Cal. Bar No. 99354
5  borgen@gdblegal.com
   LAURA L. HO, Cal. Bar No. 173179
6  lho@gdblegal.com
   LIN YEE CHAN, Cal. Bar No. 255027
7  lchan@gdblegal.com
   GOLDSTEIN DEMCHAK BALLER BORGEN & DARDARIAN
8  300 Lakeside Drive, Suite 1000
   Oakland, California 94612
9  510-763-9800; 510-835-1417 (Fax)

10 Attorneys for Plaintiff and the Putative Class

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                    **COUNTY OF ALAMEDA**

13 MARTHA MORAZAN, individually, and on          Case No.: **R G 1 2 6 5 6 9 9 2**
   behalf of all others similarly-situated,
14                                               CLASS AND REPRESENTATIVE ACTION
             Plaintiff,
15                                               **COMPLAINT**
        v.
16                                               1. **Failure to Pay for All Hours Worked**
   ARAMARK UNIFORM & CAREER APPAREL                 **(I.W.C. Wage Order Nos. 1, 4, and/or 6-**
17 GROUP, INC., a California corporation;            **2001, and Labor Code §§ 221, 222, 223,**
   ARAMARK UNIFORM & CAREER                          **1182.12, 1194 et seq.)**
18 APPAREL, INC., a California corporation;        2. **Failure to Pay Overtime (I.W.C. Wage**
   ARAMARK UNIFORM SERVICES, INC., a                 **Order Nos. 1, 4, and/or 6-2001, and Labor**
19 California corporation; ARAMARK UNIFORM           **Code §§ 510, 1194, 1198)**
   & CAREER APPAREL, LLC., a California            3. **Failure to Provide Mandated Meal Periods**
20 limited liability corporation; and DOES 1-20,     **(I.W.C. Wage Order Nos. 1, 4, and/or 6-2001**
   inclusive,                                        **and Labor Code §§ 226.7, 512)**
21                                                 4. **Failure to Provide Mandated Rest Periods**
             Defendants.                             **(I.W.C. Wage Order Nos. 1, 4, and/or 6-2001**
22                                                   **and Labor Code § 226.7)**
                                                   5. **Failure To Timely Pay All Wages Earned**
23                                                   **(Labor Code § 204b, 210)**
                                                   6. **Failure To Furnish Accurate Itemized**
24                                                   **Wage Statements (Labor Code §§ 226,**
                                                     **226.3)**
25                                                 7. **Failure to Pay All Wages Upon Termination**
                                                     **(Labor Code §§ 203, 256)**
26                                                 8. **Failure to Pay Minimum Wages in**
                                                     **Violation of Fair Labor Standards Act**
27                                                 9. **Failure to Pay Overtime Wages in Violation**
                                                     **of Fair Labor Standards Act**
                                                   10. **Unlawful and/or Unfair Business Practices**
                                                      **(Cal. Bus. & Prof. Code § 17200, et seq.)**
                                                   11. **Violation of the Private Attorney General**
                                                      **Act ("PAGA") (Labor Code § 2698, et seq.)**
28                                                 **JURY TRIAL DEMANDED**

─────────────────────────────────────────────
429553-14          CLASS ACTION COMPLAINT FOR DAMAGES - JURY TRIAL DEMANDED

Plaintiff MARTHA MORAZAN ("Plaintiff"), on behalf of herself and other similarly-situated individuals, alleges as follows:

## INTRODUCTION

1.     This is a class action brought on behalf of Plaintiff, individually, and on behalf of all similarly-situated individuals employed by Defendants ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., ARAMARK UNIFORM & CAREER APPAREL, INC., ARAMARK UNIFORM & CAREER APPAREL, LLC, and ARAMARK UNIFORM SERVICES, INC. (collectively, "ARAMARK") and DOES 1-20 as hourly, non-exempt employees in the State of California.

2.     Plaintiff and all other similarly-situated individuals were employed by ARAMARK during the four (4) years preceding the filing of this action, and continuing while this action is pending, and were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to hourly, non-exempt employees in the State of California.

3.     Plaintiff alleges that ARAMARK:  (i) failed to pay Plaintiff and putative class members for all hours worked; (ii) failed to pay Plaintiff and putative class members all overtime wages for hours worked in excess of eight (8) hours a day and/or forty (40) hours a week; (iii) failed to provide Plaintiff and putative class members mandated meal periods; (iv) failed to provide Plaintiff and putative class members mandated rest periods; (v) failed to pay Plaintiff and putative class members timely; (vi) failed to furnish Plaintiff and putative class members with accurate wage statements after each pay period; (vii) failed to keep required payroll records for Plaintiff and putative class members; (viii) failed to pay Plaintiff and putative class members all wages earned to the extent their employment ended; (ix) violated California Business & Professions Code § 17200 *et seq.* based upon the allegation that Defendants' violations of California's wage and hour laws and Fair Labor Standards Act ("FLSA"), as described more fully below, had been ongoing for at least four years prior to the filing of this action and will continue until enjoined by the Court; and (x) violated the Private Attorneys General Act, California Labor Code § 2698 *et seq.*

1

429553-14

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's and putative class members' claims because ARAMARK maintains multiple facilities and transacts business within Alameda County.  Further, a substantial part of the events and omissions giving rise to the injuries sustained by Plaintiff and putative class members occurred in part in Alameda County.

5.      Plaintiff is, and at all relevant times, was a domiciled resident and citizen of the State of California in Alameda County.

6.      The amount in controversy is in excess of $25,000, exclusive of interest and costs.

## PARTIES

**Plaintiff Martha Morazan**

7.      Plaintiff is a resident of Alameda County, California.  The acts complained of herein occurred within the last four (4) years preceding the filing of the Complaint and continue to the present.

8.      Plaintiff is a former hourly, non-exempt employee of ARAMARK.  Plaintiff worked at ARAMARK from on or about November 21, 2005, until May 8, 2012.

9.      Plaintiff is a "person" within the meaning of California Business & Professions Code § 17201 and California Labor Code § 18.

**Defendants**

10.      According to information and belief, Defendant ARAMARK makes, rents, and sells professional uniforms, career and image apparel, work clothes and accessories to businesses in a wide range of industries, including manufacturing, transportation, construction, restaurant and hotel, and healthcare and pharmaceutical industries.  According to parent company Aramark Corporation's 2011 10-K, ARAMARK had sales of approximately $1.3 billion and operating income of approximately $117 million in 2011.

11.      Upon information and belief, ARAMARK is a California corporation based in Burbank, California.  Upon information and belief, ARAMARK is, and at all times relevant hereto has been, authorized to, and does, conduct business in the State of California.  ARAMARK is a "person" within the meaning of California Business & Professions Code § 17201 and California Labor Code § 18.

2

429553-14

12.     The true names and capacities of DOES 1-20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff will amend this complaint to show the true names, capacities, and involvement of DOES 1-20, inclusive, once they are ascertained. Plaintiff is informed, believes, and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the events, happenings, and omissions described herein, and that Plaintiff's injuries and damages were proximately caused by said defendants. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the DOES 1-20, inclusive, was an agent, employee, successor, predecessor, parent, and/or subsidiary of each of the remaining defendants, and each of them, was at all times acting within the purpose and scope of the applicable relationship.

## FACTUAL ALLEGATIONS

13.     On or about November 21, 2005, Plaintiff was hired by ARAMARK as a Distribution Operator. Plaintiff was responsible for sorting various items of clothing, including but not limited to, pants, shirts, and robes. Plaintiff worked at ARAMARK in this hourly, non-exempt position until she was terminated on May 8, 2012.

14.     Throughout the course of her employment, ARAMARK failed to compensate Plaintiff fully for all of her hours worked. In calculating the total hours Plaintiff worked in a day, ARAMARK systematically rounded her punch-in and punch-out times to the nearest quarter hour. ARAMARK maintains a strict attendance policy in which employees are disciplined for punching in more than five minutes late, ARAMARK's attendance policy together with its rounding practice, over a period of time, failed to compensate Plaintiff properly for all the time she worked. Plaintiff was typically shorted between thirty (30) and forty (40) minutes of compensation every weekly pay period.

15.     Plaintiff regularly worked more than eight (8) hours in a workday or more than forty (40) hours in a workweek. Due to ARAMARK's unlawful rounding practice, as described in the prior paragraph, ARAMARK unlawfully and unfairly failed to pay Plaintiff overtime wages for all of the hours she worked in excess of eight (8) in a workday and forty (40) in a workweek.

3

CLASS ACTION COMPLAINT FOR DAMAGES - JURY TRIAL DEMANDEDCOMPLAINT

429553-14

16.    ARAMARK's written meal period policy also violates the California Labor Code on its face. The meal period policy states: "All employees shall be required to take a one-half hour unpaid lunch." This policy is unlawful as a matter of law because it does not provide for a second meal period if the employee works for ten (10) hours or longer. On occasion, Plaintiff worked more than ten (10) hours in a day, but was never provided a second meal period.

17.    Similarly, Aramark's written rest period policy violates the California Labor Code on its face. The rest break policy states:

> Each Employee shall be entitled to a rest period of ten (10) minutes during each four (4) hours of service, without deduction in pay. Insofar as practical, the rest periods will be granted in the middle of each four hours of service. No employee will be required to work over three and one-half (3-1/2) hours without a rest period.

This policy is unlawful on its face because it does not provide for rest periods for every four (4) hours of work, *or major fraction thereof*. As the California Supreme Court has made clear, "major fraction thereof" means anything more than two (2) hours. Thus, an employee is entitled to twenty (20) minutes for shifts of more than six (6) hours up to ten (10) hours and thirty (30) minutes for shifts of more than then (10) hours up to fourteen (14) hours, and so on.

18.    For all of the foregoing reasons, the itemized wage statements that ARAMARK provided to Plaintiff every weekly pay period were inaccurate. Independent of ARAMARK's failure to provide accurate information due to the California Labor Code violations described above, the statements were also incomplete and confusing. First, ARAMARK's paystubs failed to show the overtime rate of pay for Plaintiff. Second, instead of listing the number of hours *worked* at Plaintiff's regular rate of pay and overtime rate of pay, ARAMARK's wage statements listed the number of hours *paid* at Plaintiff's regular rate of pay and hourly rate of pay. Consequently, the total regular and overtime hours listed in ARAMARK's wage statements, when added together do not sum up to the total hours worked by Plaintiff during the pertinent time period. As such, the total hours worked by Plaintiff were not readily obvious to her. Third, ARAMARK's paystubs failed to show the name and address of the legal entity that is the employer. Although on information and belief Aramark Uniform & Career Apparel, LLC has been Plaintiff's legal employer for the entire liability period,

1    ARAMARK's paystubs have listed the following entities as Plaintiff's employer:  Aramark Uniform

2    and Career Apparel and Aramark Uniform Services, Inc.

3          19.     Additionally, ARAMARK failed to keep accurate payroll records showing the hours

4    worked daily and the wages paid.

5          20.     Finally, ARAMARK failed to pay Plaintiff all of the wages owed her upon the

6    termination of her employment.

7          21.     On August 31, 2012, Plaintiff gave written notice by certified mail to the Labor and

8    Workforce Development Agency ("LWDA") and ARAMARK of ARAMARK's violations of various

9    provisions of the California Labor Code, as alleged in this complaint.

10         22.     The LWDA did not provide notice of its intentions to investigate ARAMARK's alleged

11   violations within thirty-three (33) calendar days of the August 31, 2012, postmark date of the notice

12   sent by Plaintiff.  Lab. Code § 2699.3(a)(2)(A).

13                           **CLASS ALLEGATIONS**

14         23.     Plaintiff brings her wage and hour claims in this case in her individual capacity and as a

15   class action pursuant to California Code of Civil Procedure § 382 on behalf of herself and all similarly-

16   situated ARAMARK employees during the applicable statute of limitations period in California.

17         24.     The putative class that Plaintiff seeks to certify is composed of and defined as follows:

18         All individuals currently employed or formerly employed as hourly, non-exempt
           employees by ARAMARK in the State of California at any time within the four years
19         prior to the filing of this action to the present (the "CLASS").

20         25.     Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend

21   or modify the class description with greater specificity or further division into subclasses or limitation

22   to particular issues.

23         26.     This action has been brought and may be maintained as a class action pursuant to

24   California Code of Civil Procedure § 382 because there is a well-defined community of interest among

25   the many persons who comprise the readily ascertainable CLASS.

26         27.     **Numerosity and Ascertainability.** The number of members in the CLASS identified

27   herein are so numerous that joinder of all members is impracticable.  The number of CLASS members

28   is currently indeterminate, but is certainly larger than can be addressed through joinder.  Upon

5

429553-14

1  information and belief, Plaintiff estimates that the CLASS will include hundreds if not thousands of

2  persons. The quantity and identity of the members of the CLASS is readily ascertainable via

3  inspection of ARAMARK's records.

4       28.   **Superiority.** The nature of this action and the nature of the laws available to Plaintiff

5  make use of the class action format particularly efficient and appropriate. By establishing a technique

6  whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates

7  the possibility of repetitious litigation and provides small claimants with a method of obtaining redress

8  for claims that would otherwise be too small to warrant individual litigation. Class action treatment

9  will allow a large number of similarly-situated persons to prosecute their common claims in a single

10  forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

11  numerous individual actions would require. The actual monetary recovery due to most of the

12  individual CLASS members is likely to be small, and the burden and expense of individual litigation

13  would make it prohibitive for individual putative class members to seek relief. A class action will

14  serve an important public interest by permitting such individuals to effectively pursue recovery of the

15  sums owed to them. Class litigation prevents the potential for inconsistent or contradictory judgments

16  if individual putative class members were to litigate separately. Further, individual joinder of all

17  CLASS members is not practicable.

18       29.   **Well-Defined Community of Interest.** Plaintiff also meets the established standards

19  for class certification as follows:

20       30.   **Typicality.** Plaintiff's claims are typical of the claims of the CLASS. Plaintiff and

21  CLASS members sustained injuries and damages arising from and caused by ARAMARK's common

22  course of conduct in violation of the law as alleged herein.

23       31.   **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the

24  CLASS. Plaintiff has retained counsel who is competent and experienced in complex class actions,

25  California's wage and hour law, California's unfair competition law, and the intersection thereof.

26       32.   **Predominant Common Questions of Law or Fact.** There are questions of law and

27  fact common to the CLASS, and these questions predominate over any questions affecting only

28  individual members. Common questions include, at a minimum:

(a)     Whether ARAMARK failed to pay the CLASS for all hours worked;

(b)     Whether ARAMARK failed to pay the CLASS overtime wages for all overtime hours worked;

(c)     Whether ARAMARK failed to provide the CLASS with proper meal and rest periods;

(d)     Whether ARAMARK failed to pay the CLASS all wages earned in a timely fashion;

(e)     Whether ARAMARK failed to furnish the CLASS with accurate wage statements;

(f)     Whether ARAMARK failed to keep required payroll records;

(g)     Whether ARAMARK failed to pay members of the CLASS who are no longer employed all wages owed upon termination of their employment;

(h)     Whether ARAMARK's conduct is "unlawful," "unfair," or "fraudulent" under California Business & Professions Code § 17200 *et seq.*;

(i)     Whether ARAMARK is liable to the CLASS;

(j)     Whether the CLASS can be made whole by payment of damages; and

(k)     Whether injunctive relief, restitution and other equitable remedies, and penalties for Plaintiff and the CLASS are warranted.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay For All Hours Worked**
**Cal. Labor Code §§ 221, 222, 223, 1182.12 and 1194, and Wage Order Nos. 1, 4, and/or 6-2001**
**(On Behalf of Plaintiff and the CLASS)**

33.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

34.     During all relevant times, Plaintiff and CLASS members earned "wages" for labor or services rendered to ARAMARK within the meaning of California Labor Code § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the Industrial Wage Commission.

7

429553-14

35.     Employers are required to pay their employees for all hours worked.  During all relevant times, ARAMARK engaged in a widespread pattern and practice of failing to pay Plaintiff and CLASS members for all hours they worked and/or were subject to ARAMARK's control due to ARAMARK's rounding policy.

36.     ARAMARK's conduct deprived Plaintiff and CLASS members of full and timely payment for all hours worked in violation of the California Labor Code.

37.     ARAMARK did not pay Plaintiff and CLASS members for all hours worked due to ARAMARK's rounding policy in violation of Labor Code sections 221, 222, 223, and/or 1194.

38.     As a result of ARAMARK's willful and unlawful failure to pay Plaintiff and CLASS members their earned wages, Plaintiff and CLASS members are entitled to recover their unpaid wages liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

39.     Plaintiff, on behalf of herself and similarly situated CLASS members, also requests further relief as described below.

## SECOND CAUSE OF ACTION

### Failure To Pay Overtime Wages
### Cal. Labor Code §§ 510, 558, and 1194 et seq., and Wage Order Nos. 1, 4, and/or 6-2001
### (On Behalf of Plaintiff and the CLASS)

40.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

41.     During all relevant times, ARAMARK required Plaintiff and CLASS members to work in excess of eight (8) hours per workday and forty (40) hours per workweek.  However, ARAMARK failed to fully pay the overtime wages that Plaintiff and CLASS members were due because of ARAMARK's rounding policy.

42.     California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

43.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full

8

429553-14

1   amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs

2   of suit.

3       44.    During all relevant times, ARAMARK knowingly and willfully failed to pay overtime

4   earned and due to Plaintiff and CLASS members.  ARAMARK's conduct deprived Plaintiff and

5   CLASS members of full and timely payment for all overtime hours worked in violation of the

6   California Labor Code.

7       45.    As a result of ARAMARK's willful and unlawful failure to pay Plaintiff and CLASS

8   members all earned overtime wages, Plaintiff and CLASS members are entitled to recover their unpaid

9   overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for

10  Relief.

11      46.    Plaintiff, on behalf of herself and similarly situated CLASS members, also requests

12  further relief as described below.

### THIRD CAUSE OF ACTION

**Failure To Provide Mandated Meal Periods**
**Cal. Labor Code §§ 226.7 and 512, and Wage Order Nos. 1, 4, and/or 6-2001**
**(On Behalf of Plaintiff and the CLASS)**

16      47.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

17  paragraphs above as if fully set forth herein.

18      48.    California Labor Code § 512(a) states in pertinent part: "[A]n employer may not

19  employ an employee for a work period of more than five hours per day without providing the

20  employee with a meal period of not less than 30 minutes.  An employer may not employ an employee

21  for a work period of more than 10 hours per day without providing the employee with a second meal

22  period of not less than 30 minutes . . . ."

23      49.    The applicable Wage Order states in pertinent part, "No employer shall employ any

24  person for a work period of more than give (5) hours without a meal period of not less than 30 minutes.

25  . . . If an employer fails to provide an employee a meal period in accordance with the applicable

26  provision of this order, the employer shall pay the employee on (1) hour of pay at the employee's

27  regular rate of compensation for each workday that the meal period is not provided." Labor Code

28

§ 226.7(a) explains that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

50.    Since at least four years prior to the filing of this action, Plaintiff and CLASS members have at times worked in excess of ten (10) hours a day without being provided a second half hour meal period during which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and Wage Order Nos. 1, 4, and/or 6-2001.

51.    As a result of ARAMARK's willful and unlawful failure to provide Plaintiff and CLASS members mandated meal periods, Plaintiff and CLASS members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

52.    Plaintiff, on behalf of herself and similarly situated CLASS members, also requests further relief as described below.

## FOURTH CAUSE OF ACTION

**Failure To Provide Mandated Rest Periods
Cal. Labor Code § 226.7, and Wage Order Nos. 1, 4, and/or 6-2001
(On Behalf of Plaintiff and the CLASS)**

53.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

54.    The applicable Wage Order states in pertinent part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

55.    Since at least four years prior to the filing of this action, Plaintiff and CLASS members have at times worked in excess of ten (10) hours a day without being provided a third ten minute rest

10

429553-14

1    period during which they were relieved of their duties, as required by Labor Code §§ 226.7 and Wage

2    Order Nos. 1, 4, and/or 6-2001.

3         56.    As a result of ARAMARK's willful and unlawful failure to provide Plaintiff and

4    CLASS members mandated rest periods, Plaintiff and CLASS members are entitled to recover one (1)

5    hour of pay at their regular rate of compensation for each workday that a rest was not provided, plus

6    interest thereon, attorneys' fees and costs.

7         57.    Plaintiff, on behalf of herself and similarly situated CLASS members, also requests

8    further relief as described below.

9                              **FIFTH CAUSE OF ACTION**

10                        **Failure To Timely Pay All Wages Earned**
     **Cal. Labor Code §§ 204b and 210, and Wage Order Nos. 1, 4, and/or 6-2001**
11                          **(On Behalf of Plaintiff and the CLASS)**

12        58.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

13   paragraphs above as if fully set forth herein.

14        59.    California Labor Code § 204b states in pertinent part: "Labor performed by a weekly-

15   paid employee during any calendar week and prior to or on the regular payday shall be paid for not

16   later than the regular payday of the employer for such weekly-paid employee falling during the

17   following calendar week."

18        60.    During all relevant times, ARAMARK failed to pay Plaintiff and CLASS members for

19   all hours they worked in any calendar week no later than the following calendar week.

20        61.    ARAMARK's conduct deprived Plaintiff and CLASS members of full and timely

21   payment for all hours worked in violation of the California Labor Code.

22        62.    As a result of ARAMARK's willful and unlawful failure to pay Plaintiff and CLASS

23   members their earned wages fully and timely, Plaintiff and CLASS members are entitled to recover all

24   remedies available for violations Labor Code § 204b, including Labor Code § 210, which provides that

25   every person who fails to pay the wages of each employee in violation of Labor Code § 204 shall be

26   subjected to a civil penalty of one hundred dollars ($100) for each initial violation and two hundred

27   dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld.

28

11

63.     Plaintiff, on behalf of herself and similarly situated CLASS members, also requests further relief as described below.

## SIXTH CAUSE OF ACTION
**Failure To Furnish Accurate Itemized Wage Statements**
**Cal. Labor Code §§ 226 and 226.3, and Wage Order Nos. 1, 4, and/or 6-2001**
**(On Behalf of Plaintiff and the CLASS)**

64.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

65.     California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.

66.     During all relevant times, ARAMARK willfully failed to furnish to Plaintiff and CLASS members, upon each payment of compensation, itemized wage statements accurately showing, at a minimum:  the total hours worked, gross wages, net wages, applicable hourly wages, the corresponding hours *worked* at each hourly rate, and the name and address of the legal entity that is the employer.

67.     During all relevant times, Plaintiff and CLASS members were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.  Plaintiff and CLASS members also suffered injury because ARAMARK's failure to include the information required by Labor Code § 226(a) required them to engage in discovery of outside sources and mathematical computations to reconstruct time records to determine whether ARAMARK paid them for all hours worked at the correct rate of pay during the applicable pay period.  Because the paystubs were confusing and required consultation of information from outside sources, Plaintiff and CLASS members suffered a mathematical injury that requires computations to analyze whether the wages paid in fact compensated them for all hours worked.  Plaintiff and CLASS members were also injured because ARAMARK's failure to include the name and address of the legal entity that is the employer

1    as required by Labor Code § 226 required them to refer to outside sources to find the legal entity that is

2    the employer.

3        68.    California Labor Code § 226(e) provides that an employee suffering injury as a result of

4    not being provided with an accurate itemized wage statement is entitled to recover the greater of all

5    actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars

6    for each subsequent violation, up to $4,000.  Pursuant to Labor Code § 226(g), Plaintiff and CLASS

7    members are entitled to injunctive relief to ensure ARAMARK's compliance with Labor Code § 226.

8        69.    Plaintiff and CLASS members are entitled to an award of costs and reasonable

9    attorneys' fees under Labor Code § 226(h).

10       70.    Plaintiff, on behalf of herself and similarly situated CLASS members, also requests

11   further relief as described below.

12                        **SEVENTH CAUSE OF ACTION**

13                    **Failure To Pay All Wages Upon Termination**
     **Cal. Labor Code §§ 201, 202, 203, and 256, and Wage Order Nos. 1, 4, and/or 6-2001**

14                     **(On Behalf of Plaintiff and the CLASS)**

15       71.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

16   paragraphs above as if fully set forth herein.

17       72.    California Labor Code § 201 provides that any discharged employee is entitled to all

18   wages due at the time of discharge.

19       73.    Where an employer willfully fails to pay discharged or quitting employees all wages

20   due as required under the California Labor Code, the employer is liable to such employees under

21   California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at

22   the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

23       74.    During all relevant times, ARAMARK knowingly and willful violated California Labor

24   Code §§ 201 and 202 by failing to pay Plaintiff and members of the CLASS who are no longer

25   employed by ARAMARK all wages owed as alleged herein.  ARAMARK is therefore liable to

26   Plaintiff and members of the CLASS who are no longer employed by ARAMARK for waiting time

27   penalties as required by California Labor Code § 203.

28

                                              13
429553-14

75.    Plaintiff, individually, and on behalf of the members of the CLASS who are no longer employed by ARAMARK, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

76.    Plaintiff, on behalf of herself and similarly situated CLASS members, also requests further relief as described below.

## EIGHTH CAUSE OF ACTION

### Failure To Pay Minimum Wage Compensation in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff Individually)

77.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

78.    During all relevant times, ARAMARK failed to fully pay the minimum wages that Plaintiff was due because of ARAMARK's rounding policy.  ARAMARK's rounding policy violates the 29 C.F.R. § 785.48(b) because it is not "used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."

79.    During all relevant times, ARAMARK knowingly and willfully failed to pay minimum wages earned and due to Plaintiff.  ARAMARK's conduct deprived Plaintiff full and timely payment for all hours worked in violation of the FLSA.

80.    During all relevant times, ARAMARK has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, ARAMARK has employed and continues to employ employees, including Plaintiff.  At all relevant times, upon information and belief, ARAMARK has had gross operating revenues in excess of $500,000.

81.    The FLSA requires each covered employer such as ARAMARK to compensate all non-exempt employees at a rate of not less than $6.55 per hour until July 23, 2009 and $7.25 per hour after July 24, 2009.  29 U.S.C. § 206.

82.    Plaintiff was entitled to be paid minimum wages for all hours worked.

83.    Despite the hours worked by Plaintiff, ARAMARK willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay her minimum

14

wage compensation for all compensable time worked.  By failing to compensate Plaintiff at a rate of not less than $6.55 per hour until July 23, 2009 and $7.25 per hour after July 24, 2009, ARAMARK has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 206 and § 215(a).

84.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, ARAMARK has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 210, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

85.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

86.    Plaintiff, on behalf of herself, seeks recovery of her attorneys' fees and costs to be paid by ARAMARK, as provided by the FLSA, 29 U.S.C. § 216(b).

87.    As a result of ARAMARK's willful and unlawful failure to pay Plaintiff all earned minimum wages, Plaintiff is entitled to recover her unpaid minimum wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiff, on behalf of herself, seeks damages in the amount of their respective unpaid minimum compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

88.    Plaintiff also requests further relief as described below.

### NINTH CAUSE OF ACTION

**Failure To Pay Overtime Compensation in Violation of the Fair Labor Standards Act
(On Behalf of Plaintiff Individually)**

89.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

90.    During all relevant times, ARAMARK required Plaintiff to work in excess of forty (40) hours per workweek.  However, ARAMARK failed to fully pay the overtime wages that Plaintiff was due because of ARAMARK's rounding policy.  ARAMARK's rounding policy violates the 29 C.F.R.

15

429553-14

§ 785.48(b) because it is not "used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."

91.     During all relevant times, ARAMARK knowingly and willfully failed to pay overtime earned and due to Plaintiff.  ARAMARK's conduct deprived Plaintiff of full and timely payment for all overtime hours worked in violation of the FLSA.

92.     During all relevant times, ARAMARK has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, ARAMARK has employed and continues to employ employees, including Plaintiff.  At all relevant times, upon information and belief, ARAMARK has had gross operating revenues in excess of $500,000.

93.     The FLSA requires each covered employer such as ARAMARK to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

94.     Plaintiff was entitled to be paid overtime compensation for all overtime hours worked.

95.     During her employment with ARAMARK, within the applicable statute of limitations, Plaintiff worked in excess of forty hours per workweek.  Despite the hours worked by Plaintiff, ARAMARK willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all compensable time worked in excess of forty hours per work week.  By failing to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, ARAMARK has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

96.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, ARAMARK has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 210, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

97.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within

16

429553-14

1    the meaning of 29 U.S.C. § 255(a).

2        98.    Plaintiff, on behalf of herself, seeks recovery of her attorneys' fees and costs to be paid

3    by ARAMARK, as provided by the FLSA, 29 U.S.C. § 216(b).

4        99.    As a result of ARAMARK's willful and unlawful failure to pay Plaintiff all earned

5    overtime wages, Plaintiff is entitled to recover her unpaid overtime wages, costs and reasonable

6    attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiff, on behalf of herself,

7    seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages

8    from three years immediately preceding the filing of this action, plus interest and costs as allowed by

9    law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

10   deems just and proper.

11       100.   Plaintiff also requests further relief as described below.

12                          **TENTH CAUSE OF ACTION**

13                    **Unfair Competition Law Violations**
                **Cal. Business & Professions Code § 17200 *et seq.***
14                  **(On Behalf of Plaintiff and the CLASS)**

15       101.   Plaintiff re-alleges and incorporates by reference the allegations contained in the

16   paragraphs above as if fully set forth herein.

17       102.   California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in

18   the form of any unlawful, unfair, deceptive, or fraudulent business practices.

19       103.   Plaintiff brings this cause of action individually and as a representative of all others

20   subject to ARAMARK's unlawful acts and practices.

21       104.   During all relevant times, ARAMARK committed unlawful, unfair, deceptive, and/or

22   fraudulent acts as defined by California Business & Professions Code § 17200.  ARAMARK's

23   unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to

24   pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest

25   periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements,

26   failing to keep required payroll records, and failing to pay all wages upon termination in violation of

27   state law and the federal FLSA of 1938.

28

429553-14

105.     As a result of this unlawful and/or unfair and/or fraudulent business practice, ARAMARK reaped unfair benefits and illegal profits at the expense of Plaintiff and CLASS members. ARAMARK must disgorge these ill-gotten gains and restore to Plaintiff and CLASS members all wrongfully withheld wages, including, but not limited to overtime compensation.

106.     Plaintiff, individually, and on behalf of CLASS members, respectfully request that judgment be awarded in his favor to provide restitution and interest.

107.     Plaintiff, on behalf of herself and similarly situated CLASS members, also requests further relief as described below.

## ELEVENTH CAUSE OF ACTION

### Violation of the Private Attorney General Act ("PAGA")
### Cal. Labor Code § 2698 *et seq.*
### (On Behalf of Plaintiff and Other Aggrieved Employees)

108.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

109.     Plaintiff is an "aggrieved employee" under the California Labor Code Private Attorney General Act ("PAGA") as she was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein.  As such, she seeks to recover, on behalf of herself and all other current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

110.     Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.  Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

111.     Plaintiff is also entitled to recover for herself, other aggrieved employees, and the State of California, civil penalties pursuant to California Labor Code § 210 in the amount of $100 per employee per initial violation of the timely payment requirements of California Labor Code § 204b and $200 per employee for each subsequent violation, plus 25% of the amount unlawfully withheld.  Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

18

429553-14

112.    Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

113.    Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days.  Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty (30) days pay as waiting time under the terms of Labor Code § 203.

114.    California Labor Code § 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

115.    Under Labor Code § 1174.5, ARAMARK is subject to a civil penalty of five hundred dollars ($500) for failing to keep records as required by section 1174(d).

116.    Labor Code § 2698 et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 204b, 221, 222, 223, 226.7, 510, 512, 1174, 1194, 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

117.    Plaintiff has fully complied with the procedural requirements specified in California Labor Code § 2699.3 as to each of the alleged violations.  A true and correct copy of the notice sent via certified mail to the Defendants and California's Labor and Workforce Development Agency are attached as **Exhibit 1**.  Within 33 days of mailing **Exhibit 1**, the Labor and Workforce Development Agency failed to indicate that it intends to investigate the violations alleged by Plaintiff.  Plaintiff is

1    entitled to pursue causes of action pursuant to Labor Code § 2699 *et seq.*, the Private Attorneys

2    General Act ("PAGA").

3        118.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt

4    payment of wages is a fundamental public interest. Plaintiff's successful enforcement of important

5    rights affecting the public interest will confer a significant benefit upon the general public. Private

6    enforcement of these rights is necessary, as no public agency has pursued enforcement. Plaintiff is

7    incurring a financial burden in pursuing this action, and it would be against the interests of justice to

8    require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, *inter alia*,

9    California Labor Code § 2699.

10       119.    As a result of the violations alleged, Plaintiff, as an aggrieved employee on behalf of

11   herself and other similarly situated employees employed by Defendants, seeks all civil penalties

12   available pursuant to California Labor Code § 2699, including all civil penalties, attorneys' fees,

13   expenses, and costs of suit.

14                           **PRAYER FOR RELIEF**

15       Plaintiff, on behalf of herself and all other members of the CLASS, prays for relief as follows:

16       1.    Certifying this action as a class action;

17       2.    Designating Plaintiff Martha Morazan as the representative of the class;

18       3.    Designating SOHN LEGAL GROUP, P.C. and GOLDSTEIN, DEMCHAK, BALLER,

19             BORGEN & DARDARIAN as class counsel for all class members;

20       4.    Declaring that ARAMARK's policies and/or practices of failing to pay for all hours

21             worked, pay overtime wages, provide mandated meal and rest breaks, timely pay all

22             wages earned, provide accurate itemized wage statements, and maintain accurate

23             payroll records violate California law and the FLSA;

24       5.    Declaring that ARAMARK's above-mentioned policies and/or practices violate

25             Business and Professions Code § 17200, *et seq.*

26       6.    Preliminary, permanent, mandatory injunctive relief prohibiting ARAMARK, its

27             officers, agents, and all those acting in concert with them, from committing in the future

28             those violations of law herein alleged;

429553-14

7.      Awarding damages, liquidated damages, restitution, statutory penalties, and civil penalties to be paid by ARAMARK for the causes of action alleged herein;

8.      Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to California Labor Code §§ 226(e), 1194, 2699(g), California Code of Civil Procedure § 1021.5, 29 U.S.C. § 216(b), or as otherwise permitted by law;

9.      Awarding pre-judgment and post-judgment interest, as provided by law; and

10.     Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury.

Dated: November 20, 2012                    GOLDSTEIN DEMCHAK BALLER BORGEN & DARDARIAN


By: *Laura Ho / by LYC*

DAVID BORGEN, Cal. Bar No. 99354
borgen@gdblegal.com
LAURA L. HO, Cal. Bar No. 173179
lho@gdblegal.com
LIN YEE CHAN, Cal. Bar No. 255027
lchan@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, California  94612
510-763-9800; 510-835-1417 (Fax)

DAVID D. SOHN, Cal. Bar No. 221119
david@sohnlegal.com
SOHN LEGAL GROUP, P.C.
425 California Street, 19th Floor
San Francisco, California  94104
415-421-1300; 415-421-1815 (Fax)

Attorneys for Plaintiff and the Putative Class

CLASS ACTION COMPLAINT FOR DAMAGES - JURY TRIAL DEMANDEDCOMPLAINT

429553-14



EXHIBIT 1



**SOHN LEGAL GROUP, P.C.**
425 California Street, 19th Floor
San Francisco, CA 94104

Telephone:  (415) 421-1300
Facsimile:  .(415) 421-1815

www.sohnlegal.com

August 31, 2012

**VIA CERTIFIED MAIL**

California Labor & Workforce
  Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA  95814

Re:  **Martha Morazan's Claims Against Aramark Corp., Aramark Uniform & Career Apparel Group, Inc., Aramark Uniform & Career Apparel, Inc., Aramark Uniform & Career Apparel, LLC, and Aramark Uniform Services, Inc.**

Dear Sir or Madam:

Please be advised that Martha Morazan has retained our law firm, SOHN LEGAL GROUP, P.C., to represent her in connection with her claims against Aramark Uniform & Career Apparel Group, Inc., Aramark Uniform & Career Apparel, LLC, Aramark Uniform & Career Apparel, Inc., and Aramark Uniform Services, Inc. (collectively, "Aramark").  Please direct all communications and correspondence regarding this matter to our office going forward.

This letter shall serve as notice of Ms. Morazan's allegations pursuant to the Private Attorney Generals Act of 2004 ("PAGA").  Lab. Code §§ 2699, 2699.3, and 2699.5.  Ms. Morazan intends to file a class action lawsuit on behalf of herself and similarly situated hourly employees who worked in California for the following California Labor Code claims and derivative California Business & Professions Code § 17200 (Unfair Competition) claims.  As an "aggrieved employee," Ms. Morazan will seek penalties under PAGA on behalf of herself and other similarly aggrieved current and former hourly employees in California.

## I.   FACTUAL BACKGROUND

Ms. Morazan was employed by Aramark in its Oakland, California facility from November 21, 2005, until May 8, 2012.  At the time of her termination, she was a Distribution Operator.  As a Distribution Operator, Ms. Morazan was responsible for sorting various items of clothing and uniforms, including but not limited to, pants, shirts, and robes.  At all times during her employment with Aramark, Ms. Morazan was a non-exempt, hourly employee.

Throughout her employment, Aramark failed to compensate her for all her hours worked.  In calculating the total hours Ms. Morazan worked in a day, Aramark systematically rounded *down* her hours to the prior quarter hour, regardless of how many minutes past the quarter hour she worked.

August 31, 2012
Page 2 of 8

Because Aramark did not equally round *up* Ms. Morazan's hours to the next quarter hour, its rounding practice did not "average out" to fully compensate her for all her hours worked. Rather, Aramark's rounding practice, over a period of time, failed to compensate Ms. Morazan properly for all the time she worked. 29 C.F.R. § 785.48(b).

Ms. Morazan regularly worked more than eight (8) hours in a workday or more than forty (40) hours in a workweek. Due to Aramark's unlawful rounding practice, as described in the prior paragraph, Aramark unlawfully and unfairly failed to pay Ms. Morazan her overtime wages for all hours she worked in excess of eight (8) hours in a workday or forty (40) hours in a workweek.

During the course of her employment, Aramark failed to provide her with meal and rest breaks in accordance with California law. Aramark's written meal break policy violates the California Labor Code on its face. The meal break policy states: "All employees shall be required to take a one-half hour unpaid lunch." This policy violates the California Labor Code as a matter of law because it does not provide for a second meal break if the employee works for ten (10) hours or longer.

Similarly, Aramark's written rest break policy violates the California Labor Code on its face. The rest break policy states:

> Each Employee shall be entitled to a rest period of ten (10) minutes during each four (4) hours of service, without deduction in pay. Insofar as practical, the rest periods will be granted in the middle of each four hours of service. No employee will be required to work over three and one-half (3-1/2) hours without a rest period.

This policy violates California law on its face because it does not provide for rest periods for every four hours of work, *or major fraction thereof*. As the Supreme Court has made clear, "major fraction thereof" means anything more than two hours. Thus, an employee is entitled to twenty minutes for shifts of more than six hours up to 10 hours and 30 minutes for shifts of more than 10 hours up to 14 hours, and so on. *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1029 (2012).

Aramark also pressures, encourages, and/or incentivizes employees to perform their duties in ways that shorten their legally-mandated meal and rest breaks. *See Brinker*, 53 Cal. 4th at 1040. Aramark maintains heavy production goals that Ms. Morazan and similarly situated employees had to meet or risk disciplinary action. These production goals pressured Ms. Morazan and similarly situated employees to shorten their meal and rest breaks. Further, Aramark knew and was deliberately indifferent to the effect of its production goals because it kept records of the punch-in and punch-out times for Ms. Morazan and similarly situated employees.

Further, Ms. Morazan was subjected to a policy of forfeiting her vested vacation time if she did not use it prior to her anniversary date. Aramark's written vacation policy states: "All employees must take their vacations each year. Pay in lieu of vacation time off will not be granted. There shall be no accumulation of vacation from year to year."

For all of the foregoing reasons, the itemized wage statements that Aramark provided to Ms. Morazan every weekly pay period were inaccurate. Independent of Aramark's failure to provide accurate information due to the Labor Code violations described above, the statements were also

incomplete and confusing. Aramark's paystubs failed to show the overtime rate of pay for Ms. Morazan. Further, instead of listing the number of hours *worked* at Ms. Morazan's regular rate of pay and overtime rate of pay, Aramark's wage statements listed the number of hours *paid* at Ms. Morazan's regular rate of pay and hourly rate of pay. As such, the total hours *worked* by Ms. Morazan were not readily obvious to her. Additionally, Aramark failed to keep accurate payroll records showing the hours worked daily and the wages paid.

Finally, Aramark failed to pay Ms. Morazan all of the wages owed her upon the termination of her employment.

Given these unlawful practices, Ms. Morazan intends to make the claims set forth below.

## II.   CLAIMS AGAINST ARAMARK

### Failure To Pay For All Hours Worked
(Labor Code §§ 221, 222, 223, 1182.12, 1194 *et seq.*,
"Minimum Wages" Section of IWC Wage Order Nos. 1, 4, and/or 6-2001)

Employers are required to pay their employees for all hours worked. Aramark did not pay Ms. Morazan and similarly-situated employees for all hours worked due to Aramark's one-way rounding policy in violation of Labor Code sections 221, 222, 223 and/or 1194.

Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 221, 222, 223 and/or 1194 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

### Failure To Pay Overtime Wages
(Labor Code §§ 510, 1194, 1198 and
"Hours & Days of Work" Section of IWC Wage Order Nos. 1, 4, and/or 6-2001)

Pursuant to Labor Code § 510 and "Hours & Days of Work" Section of the applicable IWC Wage Order, non-exempt employees are entitled to one and one-half times their hourly pay for any and all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek, and for any work in excess of forty (40) hours in any one workweek. On certain days, due to Aramark's one-way rounding policy, Ms. Morazan and similarly-situated employees worked in excess of eight (8) hours on a given workday without being compensated for any of their overtime.

Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 510, 1194, and/or 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

August 31, 2012
Page 4 of 8

Failure To Provide Mandated Meal Breaks
(Labor Code §§ 226.7, 512, Cal. Admin. Code Title 8, § 11060,
and "Meal Periods" Section of IWC Wage Order Nos. 1, 4, and/or 6-2001)

Pursuant to the "Meal Periods" Section of the applicable IWC Wage Order, no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. If an employer fails to provide an employee a meal period in accordance with the applicable provision of the order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. *See Brinker*, 53 Cal. 4th at 1034-49.

Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ." Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

Aramark's written meal break policy violates the California Labor Code on its face. *See Brinker*, 53 Cal. 4th at 1033. Further, Aramark does and did not provide Ms. Morazan and similarly-situated employees with legally compliant meal periods because they are and were unable to take off-duty and uninterrupted meal periods due to the demands of their jobs. Labor Code § 226.7(b) states: "[I]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Aramark has not paid Ms. Morazan or other similarly situated employees one hour of wages for each day a proper meal period was not provided.

Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 226.7 and/or 512 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

Failure To Provide Mandated Rest Breaks
(Labor Code §§ 226.7, Cal. Admin. Code Title 8, §11060,
and "Rest Periods" Section of IWC Wage Order Nos. 1, 4, and/or 6-2001)

Pursuant to the "Rest Periods" Section of the applicable IWC Wage Order, "[e]mployees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker*, 53 Cal. 4th at 1029 (citing Wage Order).

Aramark's written rest break policy violates the California Labor Code on its face as it does not provide for rest breaks of twenty (20) minutes for shifts over six (6) hours but under seven (7) hours, or thirty (30) minutes for shifts over ten (10) hours but under ten and a half (10 ½) hours.

Further, Aramark does and did not provide Ms. Morazan and similarly-situated employees with legally compliant rest periods because they are and were unable to take rest breaks due to the demands of their jobs. Labor Code § 226.7(b) states: "if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Consequently, Aramark must pay one hour of wages for each day a proper rest period was not provided. This applies to Ms. Morazan and all other similarly-situated employees who were not provided with legally compliant rest periods. Labor Code § 226.7(b) states: "[I]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Aramark has not paid Ms. Morazan or other similarly situated employees one hour of wages for each day a proper rest period was not provided.

Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code § 226.7 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

<u>Failure To Timely Pay All Wages Earned</u>
(Labor Code §§ 204b, 210)

Labor Code § 204b requires employers to pay all wages on a weekly basis. Ms. Morazan and similarly-situated employees were not paid all wages earned due to Aramark's one-way rounding policy, failure to provide meal periods, and/or failure to provide rest periods.

Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code § 204b and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Plaintiff is also entitled to recover for herself, other aggrieved employees, and the State of California, civil penalties pursuant to California Labor Code § 210 in the amount of one hundred dollars ($100) per employee per initial violation of the timely payment requirements of California Labor Code § 204b and two hundred dollars ($200) per employee for each subsequent violation, plus twenty-five percent (25%) of the amount unlawfully withheld. Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

<u>Forfeiture of Vested Vacation Time</u>
(Labor Code § 227.3)

Pursuant to Labor Code § 227.3, an employer shall not cause an employee to forfeit accrued vacation pay, and shall not fail to compensate an employee for all accrued but unused vacation remaining at termination. *See Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774 (1982); *Boothby v.*

*Atlas Mechanical*, 6 Cal. App. 4th 1595 (1992). Aramark caused Ms. Morazan and similarly aggrieved employees to forfeit accrued vacation time without appropriate compensation.

Aramark's vacation policy violates Labor Code § 227.3 by prohibiting employees from retaining earned but unused vacation without properly compensating them for their forfeited vacation. As a result of Aramark's unlawful vacation policy, Ms. Morazan and similarly aggrieved employees have suffered the loss of their earned vacation days and have not been properly compensated for the forfeiture.

Labor Code § 2698 *et seq*. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code § 227.3 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

<u>Failure To Provide Accurate Itemized Wage Statements</u>
(Labor Code §§ 226(a), 226.3)

Aramark is required under Labor Code § 226(a) to furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee is paid, (6) the name of the employee and the last four digits of the social security number or an employee identification number, (7) the name and address of the legal entity that is the employer, and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Due to the Labor Code violations described above, as well as the facial violations on the wage statements, Aramark did not provide Ms. Morazan and other similarly-situated employees with accurate itemized wage statements complying with the requirements of § 226(a) including, but not limited to, providing the total hours worked by the employee, gross wages earned, all applicable hourly rates, and the corresponding number of hours worked at each hourly rate. As a result, Ms. Morazan and other similarly aggrieved employees have been prevented from ascertaining the true amount of wages due and owing to them.

Labor Code § 226.3 imposes a civil penalty of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a). Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

<u>Failure To Maintain Accurate Payroll Records</u>
(Labor Code § 1174)

Labor Code § 1174(d) requires in part that employers such as Aramark, maintain payroll records showing the hours worked daily by their employees and wages paid to their employees. Pursuant to Labor Code § 1174.5, any person employing labor who willfully fails to maintain accurate and complete records required by Labor Code § 1174(d) is subject to a penalty. Aramark does and did not maintain accurate and complete records by failing to properly record all hours worked by Ms. Morazan and other similarly aggrieved employees. The failure to maintain accurate

records deprived and continues to deprive Ms. Morazan of the ability to know, understand, and question the calculation, rate of pay, and hours used to calculate the wages paid to her by Aramark.

Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code § 1174 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Additionally, if the violation is willful, Aramark is subject to the penalty set forth in section 1174.5 Ms. Morazan seeks to pursue remedies pursuant to PAGA for these violations.

<u>Waiting Time Penalties</u>
(Labor Code §§ 203, 256)

Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days. Aramark failed to pay Ms. Morazan and other similarly situated employees all of their wages owed, including overtime, at the time of their discharge.

Further, Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty (30) days pay as waiting time under the terms of Labor Code § 203. For the foregoing reasons, Aramark is liable for civil penalties under Labor Code § 256 on behalf of Ms. Morazan and other similarly situated employees.

<u>Civil Penalties For Violation Of Labor Code & IWC Wage Order</u>
(Labor Code § 558)

Labor Code § 558 subjects any employer who violates Part 2, Chapter 1 of the Labor Code (Labor Code §§ 500-558) or any provision regulating the hours and days of work in any IWC Wage Order to a civil penalty in the amount of fifty dollars ($50) for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and one hundred dollars ($100) for each subsequent violation, in addition to an amount sufficient to recover underpaid wages.

As set forth above, Aramark underpaid Ms. Morazan and similarly situated aggrieved employees by failing to pay them minimum wage and overtime premium pay as required by Labor Code § 510 and the applicable IWC Wage Order, and by failing to provide them with off-duty meal and rest breaks as required by Labor Code § 512 and the applicable IWC Wage Order. As a result, Aramark is liable for civil penalties under Labor Code § 558.

## III.   CONCLUSION

The facts and claims contained herein are based on the limited information available at the time of this writing. Therefore, if through discovery and/or expert review, Ms. Morazan becomes aware of additional compensation owed to her or other current or former employees of Aramark, she reserves the right to revise these facts and/or add any new claims by amending this letter. Based on the foregoing, Ms. Morazan seeks to file a civil action to pursue her claims against Aramark and to seek PAGA remedies for these violations.

August 31, 2012
Page 8 of 8

Please let us know if the Labor & Workforce Development Agency intends to investigate the alleged violations described herein.  Cal. Lab. Code § 2699.3(a)(2)(A) and (B).

Thank you for your prompt attention to this matter.  If you have any questions, please do not hesitate to contact us at (415) 421-1300.

Regards,

David Sohn

cc:     CT Corporation (Agent for Service of Process for Aramark)
        Michael James, SPHR (Sr. Manager, Employment Practices for Aramark)
        L. Frederick Sutherland (Group Executive of Aramark Uniform & Career Apparel)
        Joseph Neubauer (Chairman and Chief Executive Officer of Aramark Corp.)



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.65 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.60 |

Postmark Here    08/31/2012

Sent To: C.T. Corporation, Aramark Uniform & Career
Street, Apt. No.; or PO Box No.: 818 W. Seventh St    Apparel Group, Inc.
City, State, ZIP+4: Los Angeles, CA 90017

PS Form 3800, August 2006    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.65 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.60 |

Postmark Here    08/31/2012

Sent To: CA Labor & Workhouse Development Agency
Street, Apt. No.; or PO Box No.: 800 Capital Mall, MIC -55
City, State, ZIP+4: Sacramento, CA 95814

PS Form 3800, August 2006    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.65 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.60 |

Postmark Here    08/31/2012

Sent To: L. Frederick Sutherland, Aramark Uniform &
Street, Apt. No.; or PO Box No.: 1101 Market Street    Career Apparel
City, State, ZIP+4: Philadelphia, PA 19107

PS Form 3800, August 2006    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.65 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.60 |

Postmark Here    08/31/2012

Sent To: Joseph Neubauer, Chairman, Aramark Corp.
Street, Apt. No.; or PO Box No.: 1101 Market Tower
City, State, ZIP+4: Philadelphia, PA 19107

PS Form 3800, August 2006    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.65 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.60 |

Postmark Here    08/31/2012

Sent To: Michael James, Aramark Uniform Services
Street, Apt. No.; or PO Box No.: 115 North First Street
City, State, ZIP+4: Burbank, CA 91502

PS Form 3800, August 2006    See Reverse for Instructions

# Exhibit B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Laura L. Ho<br>Goldstein, Demchak, Baller, Borgen & Dardarian<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 763-9800   FAX NO.: (510) 835-1417<br>ATTORNEY FOR *(Name):* Plaintiff Martha Morazan and putative class | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br>NOV 20 2012<br>CLERK OF THE SUPERIOR COURT<br>By Esther Coleman, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Martha Morazan v. Aramark Uniform & Career Apparel Group, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | R G 1 2 6 5 6 9 9 2<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* Eleven

5. This case ☑ is  ☐ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 20, 2012

Laura L. Ho
_____
(TYPE OR PRINT NAME)                                    ▶ Laura Ho / by LYC
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:               FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:
- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:
    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____              ▶ _____
            (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____              ▶ _____
            (TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Morazan** | No. RG12656992 |
| Plaintiff/Petitioner(s) | |
| VS. | Minutes |
| **Aramark Uniform & Career Apparel Group, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    17                    Honorable   Steven A. Brick_____ , Judge

Cause called for: Complex Determination Hearing on January 14, 2013.

Matter appears on calendar for Complex Determination Hearing.

No appearances are made.

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Ren? C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.  All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved

Minutes

M7957498

in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A.  A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

   (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8)  severance of issues for trial; and

   (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

---

**Minutes**

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of     01/14/2013
Entered on     01/14/2013

Executive Officer / Clerk of the Superior Court

By

Deputy Clerk

---

**Minutes**

M7957498

Sohn Legal Group, P.C.
Attn: Sohn, David D.
425 California St.,
19th Floor
San Francisco, CA   94104_____

---

### Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Morazan <br><br>                              Plaintiff/Petitioner(s) <br><br> vs. <br><br> Aramark Uniform & Career Apparel Group, Inc. <br>                              Defendant/Respondent(s) <br>                              (Abbreviated Title) | No. <u>RG12656992</u> <br><br> Order <br><br> Complaint - Other Employment |

---

The Complex Determination Hearing was set for hearing on 01/14/2013 at 03:00 PM in Department 17 before the Honorable Steven A. Brick. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Ren? C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

---

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A.  A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

---

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  01/14/2013

_____
Judge Steven A. Brick

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG12656992
Order After Hearing Re: of 01/14/2013

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 01/14/2013.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk