# EXHIBIT 1

1  David D. Sohn (SBN 221119)
   david@sohnlegal.com
2  SOHN LEGAL GROUP, P.C.
   425 California Street, 19th Floor
3  San Francisco, CA  94104
   Tel:    (415) 421-1300
4  Fax:   (415) 421-1815

5  David Borgen (SBN 099354)
   dborgen@gbdhlegal.com
6  Laura L. Ho (SBN 173139)
   lho@gbdhlegal.com
7  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
8  Oakland, CA  94612
   Tel:    (510) 763-9800
9  Fax:   (510) 835-1417

10  Attorneys for Plaintiff and the Putative Class

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14
    MARTHA MORAZAN, individually, and on      Case No.: 13-CV-00936-YGR
15  behalf of all others similarly situated,
                                               CLASS AND REPRESENTATIVE ACTION
16           Plaintiffs,
                                               [PROPOSED] ORDER (1) PRELIMINARILY
17  vs.                                        APPROVING CLASS ACTION SETTLEMENT;
                                               (2) CONDITIONALLY CERTIFYING THE
18  ARAMARK UNIFORM & CAREER                   PROPOSED SETTLEMENT CLASS; (3)
    APPAREL GROUP, INC., A California          APPOINTING PLAINTIFF AND HER
19  corporation; ARAMARK UNIFORM &            COUNSEL AS CLASS REPRESENTATIVE
    CAREER APPAREL, INC., a California         AND CLASS COUNSEL; (4) APPROVING
20  corporation; ARAMARK UNIFORM              AND DIRECTING THE MAILING OF
    SERVICES, INC., a California corporation;  SETTLEMENT NOTICE; AND (5)
21  ARAMARK UNIFORM & CAREER                   SCHEDULING A FAIRNESS HEARING
    APPAREL, LLC, a California limited liability
22  corporation; and DOES 1-20, inclusive,    Date:     June 11, 2013
                                               Time:     2:00 p.m.
23           Defendants.                       Courtroom No.: 5
                                               Before:  Hon. Yvonne Gonzalez Rogers
24
                                               Trial Date:      None Set
25

26

27

28

474306.2
                ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    The unopposed Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiff

2    Morazan came on for hearing regularly in Courtroom 5 of the above captioned court, the Honorable

3    Yvonne Gonzalez Rogers presiding.  All parties appeared by counsel of record.  Defendants

4    ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., ARAMARK UNIFORM &

5    CAREER APPAREL, INC.; ARAMARK UNIFORM SERVICES, INC., ARAMARK UNIFORM &

6    CAREER APPAREL, LLC, ("Aramark" or "Defendants") does not oppose the motion.

7    Having fully received and considered the Plaintiffs' Notice of Motion, supporting Memorandum

8    of Points and Authorities, Declaration of Laura L. Ho, the Joint Stipulation of Settlement ("Joint

9    Stipulation" or "Settlement Agreement"), the proposed Class Notice and Claim Form, and the

10   arguments of counsel presented to the Court at the hearing of this motion, and with GOOD CAUSE

11   APPEARING, the Court hereby rules as follows:

12   1.    The Court GRANTS the parties' request for Preliminary Approval of Class Action

13   Settlement.

14   2.    The Court further GRANTS the parties' request for certification of the following Rule

15   23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement

16   Agreement, subject to this Court's final approval:

> All current and former employees of Defendants ARAMARK UNIFORM &
> CAREER APPAREL GROUP, INC., ARAMARK UNIFORM & CAREER
> APPAREL, INC.; ARAMARK UNIFORM SERVICES, INC., ARAMARK
> UNIFORM & CAREER APPAREL, LLC, who were not classified as salaried,
> exempt employees and who work or worked for any of Defendants or their
> predecessors, assigns and/or related companies at locations in California at any time
> from October 24, 2008 through the Preliminary Approval Date ("Class Period").  The
> Class includes, but is not limited to, persons employed in the following position
> categories: production workers (including but not limited to washers,
> extractor/puller-loader/heavy tumbler, utility, operators, feeder/folder/stacker/towel
> folder/spreader, truck loader/wet sorter/roller towel winder, and other production
> employees), machinists, mechanics, engineers, clerical/office staff, maintenance
> employees, Route Sales Representatives ("RSRs"), shuttle drivers, and relief drivers.

24   The Court recognizes that certification under this Order is for settlement purposes only, and shall not

25   constitute or be construed as an admission by Defendants that this action is appropriate for class

26   treatment for litigation purposes.  Entry of this Order is without prejudice to the rights of Defendants

27   to oppose certification of a class in this action should the proposed settlement not be granted final

28   approval.

474306.2

3.     The Court APPOINTS Plaintiff's Counsel, Goldstein Borgen Dardarian & Ho and Sohn Legal Group as Lead Counsel and Class Counsel, and Plaintiff Martha Morazan as Class Representative.

4.     The Court further preliminarily APPROVES the form and content of the Joint Stipulation of Settlement, attached to the Declaration of Laura L. Ho in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, and the proposed Class Notice and Claim Form which are attached to this Order as **Exhibit A and B**.  The parties are authorized to make non-substantive changes to the proposed Class Notice and Claim Form that are consistent with the terms of the Joint Stipulation and this Order.

5.     The Court further APPROVES the selection of Garden City Group as the Claims Administrator, and the payment of reasonable administration costs, up to a maximum of $30,000 to be paid from the Maximum Settlement Amount.  The Claims Administrator shall take all other actions in furtherance of obtaining correct mail address information for Settlement Class Members and giving of notice, determination of Settlement Class Member payment amounts, receiving and processing Class Member challenges, opt-outs, and objections, and other claims administration functions, as are specified in the Joint Stipulation of Settlement.

6.     Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Class Notice and adopts the following dates and deadlines:

| Deadline | Action |
|---|---|
| Twenty (20) calendar days after the Court issues the Preliminary Approval Order | Defendants shall provide to the Claims Administrator in electronic form, a list of each Class Member, including each person's name, last known address, social security number, employment status (current or former) and number of Eligible Workweeks ("Database"). |
| Within thirty (30) calendar days of the Preliminary Approval Date | Claims Administrator will send via United States first class mail the Notice of Settlement and Claim Form to the Class Members. |
| Within ten (10) calendar days from return date of undeliverable Settlement Documents | Claims Administrator shall re-mail the Settlement Documents. The Claims Administrator shall send the Notice of Settlement and Claim Form to up to three (3) alternative addresses. |

474306.2

| Deadline | Action |
|---|---|
| Twenty (20) calendar days following Claims Administrator's mailing of the notice of deficiency | Deadline for a Class Member to cure a timely post-marked but incomplete or otherwise deficient Claim Form. |
| Beginning fourteen (14) calendar days after the date on which the Settlement Documents are mailed | Claims Administrator shall provide to Class Counsel and counsel for Defendants a weekly status report. |
| Twenty-five (25) calendar days after the Claims Administrator mails the Notice of Settlement | Claim's Administrator shall run a "skip-trace" of the Class Members listed as former employees in the Database who have not, at that point, returned a Claim Form or otherwise contacted the Claims Administrator. |
| At least twenty-one (21) days prior to the Opt Out deadline | Class Counsel shall file a motion seeking approval of attorneys' fees and costs and the proposed Service Payment to the Class Representative. |
| Forty-five (45) calendar days from the date of mailing the Settlement Documents | Opt-Out Request Deadline. Class Members must timely submit a signed and dated written request to be excluded from the Settlement to the Claims Administrator. Must be postmarked on or before deadline. |
| Forty-five (45) calendar days from the date of mailing the Settlement Documents | Deadline to file a written objection and a notice of intention to appear at the Final Approval Hearing. |
| Within sixty (60) calendar days from the date of mailing the Settlement Documents | Claims Period Deadline. Class Member must submit to the Claims Administrator a postmarked, executed Claim Form. |

7.     Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement.  Settlement Class Members who object to the proposed Settlement may appear and present such objections at the Final Approval Hearing in person or by counsel, provided that any objecting Settlement Class Member submit a written statement containing the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be sent to the Claims Administrator and postmarked no later than forty-five (45) calendar

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

474306.2

1   days from the date on which the Notices are first sent out by the Claims Administrator.  No person

2   shall be heard at the Final Approval Hearing, and no briefs or papers shall be received or considered,

3   unless the foregoing documents have been filed and served as provided in this Order, except as this

4   Court may permit for good cause shown.  Settlement Class Members shall be permitted to withdraw

5   their objections in writing by submitting a withdrawal statement to the Settlement Administrator not

6   later than three (3) business days prior to the Court's final approval hearing.

7        8.     Class Counsel shall file a motion for approval of reasonable attorneys' fees, costs, and

8   litigation expenses and a motion for approval of service award for Plaintiff Morazan no later than

9   twenty-one (21) calendar days before the end of the time within which Settlement Class Members may

10  object to or opt out of the settlement.

11       9.     Counsel shall return before this Court for a Final Approval Hearing, at which the Court

12  shall finally determine whether the settlement is fair, reasonable, and adequate, on November 12,

13  2013, at 2:00 p.m. in Courtroom 5 of this Court.

14       10.    Class Counsel shall file a motion for final approval of settlement no later than fourteen

15  (14) days before the Final Approval Hearing.

16

17

18

19  Dated: _____, 2013

20                              _____
                                HON. YVONNE GONZALEZ ROGERS
                                UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

474306.2                    ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF CLASS ACTION SETTLEMENT**
*Martha Morazan, et al. v. ARAMARK Uniform & Career Apparel Group, Inc., et al.*
Case No. 2:13-CV-0936-YGR

# If you worked for Aramark Uniform & Career Apparel Group in California you may get a payment from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- **A settlement will provide a total of $2,750,000.00 to pay claims from certain employees in California that Defendant Aramark violated California's Labor Code**

- **The settlement resolves a lawsuit about whether Aramark violated California's Labor Code; avoids costs and risks to you from continuing the lawsuit; pays money to certain Aramark employees; and releases Aramark from liability.**

- **Court-appointed lawyers for the employees will ask the Court for up to one-third of the settlement ($916,575.00) for fees and expenses of investigating the facts, filing the case, and negotiating the settlement.**

- **The two sides disagree on the merits of the case, and whether Aramark owed any additional money to its employees.**

- **Your legal rights are affected whether you act, or don't act.  Read this notice carefully.**

| Your Legal Rights and Options in this Settlement | |
|---|---|
| Submit a Claim Form | **The way to get your highest possible share of the settlement.  Give up certain rights.**<br><br>If you submit a timely and accurate claim form, you can receive your highest possible share of the settlement.  In exchange, you give up any rights to sue the defendants separately about the same legal claims contained in this lawsuit. |
| Do Nothing | **Another way to receive a share of the settlement, but at a lower rate than if you submit a timely and accurate claim form.  Give up certain rights.**<br><br>You do not have to do anything to receive a reduced share of the settlement monies.  In exchange, you give up any rights to sue the defendants separately about the same legal claims contained in this Lawsuit. |

472872.4

| Ask To Be Excluded | **Request to be excluded from Settlement. Get no benefits or money from the settlement. Keep certain rights.** |
| --- | --- |
| | If you exclude yourself, or opt out, you will no longer be part of the lawsuit and you will not be entitled to any money from the settlement. But, you will keep any rights to sue the defendants separately about the same legal claims in this lawsuit. |
| Object | **Submit a written objection to the Court.** |
| | If you disagree with the proposed Settlement, you may submit an objection if you do not opt out. If the Court agrees with your objection, the parties can choose whether to withdraw the settlement or change its terms. If the Court rejects your objection, you will be entitled to participate in the Settlement. You cannot both ask to be excluded and object to the Settlement. |
| Go to a hearing | **Attend the final approval, or fairness, hearing.** |
| | If you do not ask to be excluded from the settlement, you may ask to speak in Court about the fairness of the settlement. |

- **These rights and options – and the deadlines to exercise them – are explained in this notice.**

- **The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and if there are appeals, after appeals are resolved. Please be patient.**

**ARAMARK WILL NOT RETALIATE AGAINST YOU FOR YOUR DECISION TO SUBMIT A CLAIM FORM, DO NOTHING, ASK TO BE EXCLUDED/OPT OUT, OR OBJECT.**

**1.      *Why should you read this Notice?***

A proposed settlement (the "Settlement") has been reached in the class action lawsuit currently pending in the United States District Court for the Northern District of California entitled *Morazan, et al. v. ARAMARK Uniform & Career Apparel Group, Inc., et al.,* Case No. 2:13-CV-0936-YGR (the "Action"). The purpose of this Notice is to describe the case, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the fairness of the Settlement will be held before the Hon. Yvonne Gonzalez Rogers on November 12, 2013 at 2:00 p.m. at the following address: Courtroom 5 of the Ronald V. Dellums Federal Building, United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, to determine whether the case should be settled.

**YOU MUST COMPLETE AND MAIL THE ENCLOSED CLAIM FORM AND OPT IN NOTICE ("CLAIM FORM") TO THE CLAIMS ADMINISTRATOR BY [INSERT DATE 60 CALENDAR DAYS AFTER SETTLEMENT DOCUMENTS ARE MAILED TO CLASS MEMBERS] TO BE ELIGIBLE TO RECEIVE THE MAXIMUM POSSIBLE PAYMENT UNDER THE SETTLEMENT. IF YOU FAIL TO PROPERLY SUBMIT A**

**TIMELY CLAIM FORM, YOU WILL STILL BE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT AND BE BOUND BY THE RELEASE OF CLAIMS DESCRIBED IN THIS NOTICE, UNLESS YOU REQUEST TO BE EXCLUDED FROM THE SETTLEMENT, AS EXPLAINED BELOW.**

## 2.      Why did you get this notice?

The Court has certified, for settlement purposes, the following class (the "Class"):

"All current and former employees of the ARAMARK Entities who were not classified by the ARAMARK entities as salaried, exempt employees and who work or worked for any ARAMARK Entities or their predecessors, assigns and/or related companies at locations in California at any time from October 24, 2008 through [insert preliminary approval date] ("Class Period")."

According to the records of the ARAMARK Entities you are a member of the Class ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

## 3.      What is this case about?

The individual bringing this action (the "Class Representative" or "Plaintiff") alleges claims against ARAMARK Uniform & Career Apparel Group, Inc., ARAMARK Uniform & Career Apparel, Inc., ARAMARK Uniform Services, Inc., and ARAMARK Uniform & Career Apparel, LLC (collectively "Defendants") for (a) failure to pay for all hours worked, (b) failure to pay overtime wages, (c) failure to provide mandated meal periods, (d) failure to provide mandated rest periods, (e) failure to timely pay all wages earned, (f) failure to furnish accurate itemized wage statements, (g) failure to pay all wages upon termination, (h) failure to pay minimum wages, (i) unlawful and/or unfair business practices under section 17200 of the California Business & Professions Code, and (j) penalties under the California Private Attorneys General Act (PAGA). The Class Representative seeks on her behalf and on behalf of the Class Members restitution, unpaid regular, minimum and overtime wages, liquidated damages, premium pay for missed meal and rest breaks, waiting time penalties, penalties or damages for failure to provide accurate itemized wage statements, other civil and statutory penalties, attorneys' fees and costs, interest, and declaratory and injunctive relief.

Defendants are confident they have strong legal and factual defenses to these claims, but they recognize the risks, distractions, and costs associated with litigation.  Defendants assert that they each have lawful policies to provide meal and rest breaks, they have provided meal and rest breaks, they have properly paid their employees all regular wages, minimum wages and overtime wages owed, and they have complied and do comply with all applicable wage and hour laws and laws with respect of paying their employees. Defendants contend that, pursuant to established authority, the issues asserted in this case are highly dependent on individualized facts and numerous credibility determinations, and are not susceptible to class wide determination. Defendants contend that numerous and significant variances in the policies and practices at issue in the Action render class treatment inappropriate, a class action unmanageable, and the Class Representative's claims atypical.

472872.4

This Settlement is the result of good faith, arm's length negotiations between the Class Representative and Defendants, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The Court has not ruled on the merits of the Class Representative's claims or Defendants' defenses. The Settlement is a compromise and is not an admission of liability on the part of Defendants.

## 4.     The lawyers representing you

**The court-appointed attorneys for the Class Members ("Class Counsel") are:**

David Borgen
Laura L. Ho
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Website: www.gbdhlegal.com

David D. Sohn
Sohn Legal Group, P.C.
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 421-1300
Facsimile: (415) 421-1815

## 5.     The Settlement Benefits – What you get.

Subject to final Court approval, Defendants will pay up to $2,750,000.00 (the "Maximum Settlement Amount") for: (a) the timely and correctly completed claims by Class Members; (b) the Court-approved service payment to the Class Representative; (c) the Court-approved Class Counsel's fees and costs; (d) the costs of administering the Settlement; and (e) payments to the California Labor Workforce Development Agency for penalties under the Private Attorneys General Act (the "PAGA").

**Class Members' Claims.** After deduction from the Maximum Settlement Amount for attorneys' fees and costs, the service payment to the Class Representative, the payment to the California Labor Workforce Development Agency, and the costs of administering the Settlement, Defendants will make a Settlement Payment to each Class Member who properly submits a timely Claim Form (enclosed with this Notice) or who submits a Claim Form late, but the form is nonetheless accepted by Defendants ("Qualified Claimant") from the remaining amount (the "Settlement Pool"). The amount of the Settlement Payment to each Qualified Claimant will be determined based on the number of full Workweeks that each Class Member worked for an ARAMARK Entity in California in an eligible position category during the Class Period (October 24, 2008 through [insert preliminary approval date]) ("Weeks Worked"). Weeks Worked will be calculated based on the number of pay periods for which each Class Member received a pay check while the Class Member worked in an eligible position category or job title during the Class Period. All workweeks beginning on November 20, 2011 will be weighted as 1.1 workweeks to recognize the availability of PAGA penalties and Labor Code section 226 penalties for those workweeks. Class Members who are former employees and whose employment terminated after November 20, 2009 through [insert preliminary approval

date] will be credited with an additional 2 Workweeks to recognize the potential recovery of waiting time penalties for those Class Members. The total of all Weeks Worked for all Class Members, calculated and weighted in the manner described above, will be the Total Eligible Workweeks.

The Settlement Pool will be divided by the Total Eligible Workweeks to produce a dollar amount that will be the minimum amount to be paid to Qualified Claimants for each Eligible Workweek: *(Total Settlement Pool ÷ Total Eligible Workweeks = Minimum Workweek Payout to Qualified Claimants).* The minimum amount that each Qualified Claimant will receive as part of the Settlement is determined by multiplying each Qualified Claimant's individual Eligible Workweeks (weighted as described above) by the Minimum Workweek Payout.

The Minimum Settlement Payment that you may receive is set forth in the Claim Form accompanying this notice. That number represents the minimum amount that you will receive as part of this Settlement if you submit a properly completed Claim Form by [insert date], which is the Claims Period Deadline.

Upon the expiration of the Claims Period Deadline, the Minimum Workweek Payout will be recalculated to reflect actual participation (*i.e.,* the submission of Claim Forms by the Class Members). The "Revised Workweek Payout" will be determined as follows: the Eligible Workweeks (including weighted Workweeks as set forth above) of all Qualifying Claimants (*i.e.,* Class Members who filed timely and correctly completed Claim Forms) will be multiplied by the Minimum Workweek Payout, which yields the total of all Minimum Settlement Payments to those Qualifying Claimants. This amount shall then be subtracted from the Settlement Pool to determine the total funds remaining following apportionment of these Minimum Settlement Payments to all Qualifying Claimants. 95% of those remaining funds shall be set aside for payments to Late Participating Claimants ("Late Participating Claimants' Pool"), while the other remaining 5% will remain in the Settlement Pool for distribution to Qualifying Claimants. The Revised Workweek Payout shall be the Settlement Pool (minus the amount of the Late Participating Claimants' Pool) divided by the total eligible workweeks of all Qualifying Claimants.

Each Qualifying Claimant will be paid on his/her individual Eligible Workweeks (including weighted Workweeks as set forth above) multiplied by the Revised Workweek Payout. Class Members who do not submit correctly completed Claim Forms by the Claims Period Deadline will receive checks calculated by dividing the Late Participating Claimants' Pool by the total number of Eligible Workweeks for all Late Participating Claimants (including weighted Workweeks), which shall yield the Late Participating Claimants' Workweek Payout. The Late Participating Claimants will be paid an amount equal to their individual Eligible Workweeks (including weighted Workweeks), multiplied by the Late Participating Claimants' Workweek Payout.

For income and payroll tax purposes, 33.33% of each Settlement Payment will be attributed to unpaid wages (which shall be subject to required withholdings and deductions for the employee portion only) and reported as wage income as required by law); another 33.33% of each Settlement Payment will be attributed to interest; and the remaining 33.33% of each Settlement Payment will be attributed to penalties. Defendants will pay, using funds separate from the

Maximum Settlement Amount, the employer portion of the payroll taxes resulting from each Settlement Payment that is subject to withholding.

None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

**Class Counsel Attorneys' Fees and Costs, Class Representative Service Payment, and Administrative Costs.** Class Counsel will ask the Court to award attorneys' fees and costs up to $916,575.00 (33.33% of the Maximum Settlement Amount) for their work in investigating, filing, and negotiating the Settlement of the case that created the funds to be distributed to you and other Class Members, and fronting the costs necessary for the work, without any guarantee that they would be paid for their work or reimbursed for their out of pocket expenses. In addition, Class Counsel will ask the Court to authorize a service payment of up to $5,000 for the Class Representative, which shall be in addition to her portion of the Settlement Pool, in recognition of her service to the Class by bringing the case that created the Settlement for the class and for taking the risk of potentially being liable for Defendant's costs of suit if she did not prevail with the case. In exchange for the service payment, the Class Representative will also be releasing all possible claims against Aramark, in addition to the release set forth in Question 6 below. Class Counsel will file a brief in support of the requests for fees and costs and service payment by [insert date], which will be available for viewing at the Records Office of the Clerk of the United States District Court, located at 1301 Clay Street, Oakland, CA 94612. The cost of administrating the Settlement (sending out notices, receiving claim forms, answering calls from class members, sending out checks, and taking care of tax reporting) will be capped at $30,000.

**6.  What claims are being released by the proposed Settlement?**

Upon Final Approval, Plaintiff and each Settling Plaintiff shall be deemed to have fully, finally, and forever released the ARAMARK Releasees from all Released Claims. "Settling Plaintiffs" shall mean all Class Members who do not timely send a signed and valid Opt-Out Request to the Claims Administrator. "ARAMARK Releasees" means the ARAMARK Entities, and each of their past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors and/or assigns. "Released Claims" shall mean any and all wage and hour and pay related claims under California law, the Fair Labor Standards Act (FLSA), federal, state or local laws and/or ordinances, or tort or contract theories, whether known or unknown, and whether anticipated or unanticipated, including unknown claims covered by Civil Code Section 1542, as quoted below, that accrued or accrue through [insert date on which Opt-Out Request must be filed with the court], and that were or could have been asserted in the Action, including but not limited to claims for: failure to pay all wages and other compensation, failure to pay overtime, failure to pay for all hours worked, failure to timely pay final or other wages, failure to provide meal and rest breaks, failure to pay premium pay for missed meal and/or rest breaks, failure to reimburse and/or indemnify employees for the purchase and maintenance of uniforms and/or for employee expenses, alleged violations of living wage ordinances, and/or failure to keep and furnish accurate itemized wage statements, including but not limited to any and all claims for recovery of wages, overtime pay,

minimum wage, premium pay, penalties, interest and/or liquidated damages under the FLSA, the California Industrial Welfare Commission Wage Orders, and/or claims under the California Labor Code including but not limited to Sections 200, 201, 202, 203, 204, 204b, 204.3, 210, 212, 218, 218.5, 218.6, 219, 221, 222, 223, 224, 226, 226.3, 226.7, 256, 450, 510, 511, 512, 558, 1174, 1174.5, 1175, 1182 *et seq.*, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and the Private Attorneys General Act, 2698, *et seq.*, claims under any and all city and county Living Wage Ordinances, including but not limited to the cities and/or counties of San Francisco, San Diego, and Los Angeles, all waiting time penalties that were sought or could have been sought in the Complaint, other penalties, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief, and violations of the California Business & Professions Code, including but not limited to § 17200, *et seq.*; claims under 29 U.S.C. §§201, 206, 207(a), 210, 211(c), 215(a), 216(b), and 255(a); and claims for attorneys' fees, including without limitation pursuant to Code of Civil Procedure § 1021.5, California Labor Code §§ 218.5, 226(e), 1194, 2699(g), and 29 U.S.C. § 216(b). Notwithstanding the foregoing, for Settling Plaintiffs who do not submit Claim Forms or submit late Claim Forms that are not accepted by Defendants, and do not endorse a settlement check issued by the Claims Administrator as part of this Settlement, their Released Claims will not include claims under the FLSA.

With respect to the Released Claims only, each Class Member who does not request exclusion from the Settlement also expressly, knowingly, and intentionally waives and relinquishes, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor [i.e., a Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor [i.e., the ARAMARK Releasees].*

## 7. What are my options in this matter?

You have three options under this Settlement, each of which is discussed below. You may: (A) remain in the Class and submit a Claim Form; (B) remain in the Class and do nothing; or (C) exclude yourself from the Class and from the Settlement. If you choose option (A) or (B), you may also object to the Settlement as explained below.

If you remain in the Class, you will be represented at no additional cost by Class Counsel. Class Counsel, however, will not represent you for purposes of making objections to the Settlement. If you do not exclude yourself from the Settlement under Option C, you will be subject to any Judgment that will be entered in this Action, including the release of the Released Claims as described above, even if you do not make a claim and do not accept any money from the Settlement. As stated above, for Class Members who do not submit Claim Forms or submit late Claim Forms that are not accepted by Defendants, and do not endorse a settlement check issued by the Claims Administrator as part of this Settlement, their Released Claims will not include claims under the FLSA.

**OPTION A.   Submitting a Claim For Payment.** If you wish to remain in the Class and be eligible to receive the maximum payment under the Settlement – which shall equal or exceed the Minimum Settlement Payment set forth in your Claim Form – you must complete, sign, and mail the enclosed Claim Form to the Claims Administrator at the address listed below. The Claim Form will also serve as your consent to become a party-plaintiff pursuant to Section 16(b) of the FLSA. Your Claim Form must be postmarked no later than [insert date that is 60 calendar days after settlement documents are mailed to Class Members]. Late or incomplete Claim Forms will generally not be honored, except that Defendants may, in their sole and absolute discretion, decide to accept a late Claim Form.

The Claims Administrator is:

*Morazan, et al. v. ARAMARK Uniform & Career Apparel Group, Inc., et al.*
Claims Administrator
c/o Garden City Group
[INSERT ADDRESS AND TOLL FREE NUMBER INFO]

If your Claim Form is not postmarked by [insert date that is 60 calendar days after settlement documents are mailed to Class Members], or if it is incomplete and is not corrected, you will still be bound by the terms of the Settlement.  If the Claim Form is sent from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail or the equivalent.

Any amount paid to Class Members shall not create any credit or otherwise affect the calculation of any employee benefit plan, policy, or bonus programs sponsored by the ARAMARK Releasees.

**OPTION B.   If You Do Nothing.** If you do nothing in response to this Notice, you will be deemed to have released the Released Claims against the ARAMARK Releasees as set forth above and you will be barred from pursuing your own action for claims set forth in this class action lawsuit, except that you will not be deemed to have released claims brought under the Fair Labor Standards Act.  You will be sent a check from the Claims Administrator from the Late Participating Claimants' Pool, which shall be an amount lower than the Minimum Settlement Payment offered in your Claim Form.  By endorsing the check, you will be deemed to have consented to joining the Action, participating in the Settlement, and releasing the Released Claims against ARAMARK Releasees as set forth above, including claims under the FLSA.  If you do not endorse the check, you will not be deemed to have released claims under the FLSA.

**OPTION C.   If You Do Not Want To Be Bound By The Settlement.** If you do not want to be part of the Settlement, you must submit a signed written request to be excluded from the Settlement ("Opt Out Request") to the Claims Administrator. In order to be valid, your Opt Out Request must be postmarked on or before [insert date that is 45 days from the date on which settlement documents are mailed]. If you do not timely submit an executed Opt Out Request (as evidenced by the postmark), your Opt Out Request will be rejected, you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described in Question 6 above, titled "What claims are being released by the proposed Settlement?" and all other Settlement terms. If the Opt Out Request is sent from within the

United States, it must be sent through the United States Postal Service by First-Class U.S. Mail, or the equivalent. If you timely submit an executed Opt Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you never were either a party to this Action or a Class Member, and thus you will not be entitled to any benefit as a result of this Action and will not be entitled to or permitted to assert an objection to the Settlement.

YOU CANNOT SUBMIT BOTH A CLAIM FORM AND AN OPT OUT REQUEST. IF YOU SUBMIT BOTH AND YOU DO NOT SUBSEQUENTLY CLARIFY YOUR INTENTION TO OPT OUT, YOU WILL BE PART OF THE CLASS, YOU WILL BE ELIGIBLE FOR A PAYMENT, AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT.

**Objecting to the Settlement:** If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the United States District Court for the Northern District of California and mailing a copy of your written objection to Class Counsel, Counsel for Defendants, and the Claims Administrator at their respective addresses listed above. **You cannot object to the Settlement if you request exclusion from the Settlement**, as provided under Option C above.

All objections must be signed and set forth your name, address, telephone number, and the name and number of the Action: *Morazan, et al. v. ARAMARK Uniform & Career Apparel Group, Inc., et al.,* Case No. 2:13-CV-0936-YGR. All objections must be filed with the Court, and a copy mailed to Class Counsel, Counsel for Defendants, and the Claims Administrator, no later than [insert date that is 45 calendar days from mailing of settlement documents]. If you submit a timely objection, you must appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below. Your objection must clearly state: 1) a statement of reasons why you believe the Court should find that the proposed Settlement is not in the best interest of the Settlement Class; and 2) the reasons why the Settlement should not be approved.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the service payment to the Class Representative, the claims process, and any and all other aspects of the Settlement.

Even if you file an objection, you will be bound by the terms of the Settlement, including applicable releases as set forth above, unless the Settlement is not finally approved by the Court.

**7.     *How do I contest the number of Paychecks or Workweeks on my Claim Form?***

The Claim Form that was sent to you has the number of paychecks you received, your Eligible Workweeks, and your Minimum Settlement Payment. The number of paychecks and Workweeks is limited to the time period when you were employed by an ARAMARK Entity in an eligible position category at a location in California during the Class Period, and is based on information provided by Defendants. If you wish to challenge the information printed on your Claim Form, you must provide documents or other evidence that will establish that the information indicated on the Claim Form is incorrect. The Claims Administrator will review this

information and will obtain any other additional information that it needs from Defendants to make a decision regarding the number of Workweeks. The determination of the Claims Administrator is final and binding.

| 8. | What is the next step in the approval of the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the Settlement administration costs, and the service payment to the Class Representative on [insert date] at [insert time] in Courtroom 5 of the Ronald V. Dellums Federal Building, United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to attend the Final Approval Hearing to receive a share of the Settlement.

| 9. | How can I get additional information? |
|---|---|

This Notice only summarizes the Action, the basic terms of the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation of Settlement, which is on file with the Clerk of the Court. The pleadings and other records in this Action, including the Joint Stipulation of Settlement, may be examined at the Records Office of the Clerk of the United States District Court, located at 1301 Clay Street, Oakland, CA 94612. You can also request a copy of the Joint Stipulation of Settlement from Class Counsel, at the address and telephone number listed above, or view a copy of the Settlement on Class Counsel's website: www.gbdhlegal.com.

Any questions regarding this Notice or the Claim Form should be directed to the Claims Administrator or to Class Counsel at the above addresses and telephone numbers listed in Questions 4 and 7 above.

| 10. | What happens if my address has changed or changes? |
|---|---|

If you submit a valid Claim Form, your payment will be sent to the address on your Claim Form. Therefore, if your address changes or is different from the one on the preprinted Claim Form, you must correct it by notifying the Claims Administrator in writing, by First-Class U.S. Mail. Neither the Claims Administrator nor Class Counsel has a duty under the terms of the Settlement to conduct any research or skip tracing to locate a new address after receipt of your Claim Form.

| 11. | Contact Information for Class Counsel, the Claims Administrator, and the Court: |
|---|---|

**The court-appointed attorneys for the Class Members ("Class Counsel") are:**

David Borgen
Laura L. Ho
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

David D. Sohn
Sohn Legal Group, P.C.
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 421-1300
Facsimile: (415) 421-1815

472872.4

Website: www.gbdhlegal.com

**The court-appointed Claims Administrator is Garden City Group and can be reached at:**

*Morazan, et al. v. ARAMARK Uniform & Career Apparel Group, Inc., et al.*
Claims Administrator
c/o Garden City Group
[INSERT ADDRESS AND TOLL FREE NUMBER INFO]

**The court overseeing this case is:**

The United States District Court of the Northern District of California
1301 Clay Street
Oakland, CA 94612

**PLEASE DO NOT CALL THE COURT ABOUT THIS NOTICE**

**BY ORDER OF THE U.S. DISTRICT COURT**

472872.4