UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA MORAZAN, individually, and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., et al.<br><br>              Defendants. | Case No.: 13-cv-00936-YGR<br><br>**ORDER DENYING MOVANTS MITCH MARINCOVICH AND RYAN COMPTON'S MOTION TO INTERVENE AND CHALLENGE PLAINTIFF'S ADEQUACY AS A CLASS REPRESENTATIVE** |

Pending before the Court is a Motion to Intervene and Challenge Plaintiff's Adequacy as a Class Representative filed by Movants Mitch Marincovich and Ryan Compton ("Motion"). (Dkt. No. 39.) Plaintiff and Defendants both oppose the Motion. (Dkt. Nos. 46 & 49.) The Court held oral argument on the Motion on August 13, 2013. (Dkt. No. 61.)

Having carefully considered the papers submitted and the pleadings in this action, the arguments of counsel, and for the reasons set forth below, the Court hereby **DENIES** Movants' Motion to Intervene.

**I.   RELEVANT BACKGROUND**

   **A.   Procedural Background in the Instant Action**

Plaintiff filed this action in state court on November 20, 2012. Defendants removed the action to federal court on March 1, 2013. (Dkt. No. 1.) The parties executed a settlement agreement on May 2, 2013. Pursuant to that agreement, Plaintiff filed a First Amended Complaint on May 3, 2013. (Dkt. No. 23.) Plaintiff then filed a Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 29), which Defendants did not oppose.

The Court held a hearing on the Motion for Preliminary Approval on June 11, 2013, during which the Court requested that the parties meet and confer on particular issues and submit revised documents to the Court. (Dkt. No. 34.) After reviewing the revised documents, the Court issued an Order (1) Preliminarily Approving Class Action Settlement; (2) Conditionally Certifying the Proposed Settlement Class; (3) Appointing Plaintiff and her Counsel as Class Representative and Class Counsel; (4) Approving and Directing the Mailing of Settlement Notice; and (5) Scheduling a Fairness Hearing [As Modified by the Court] ("Preliminary Approval Order"). (Dkt. No. 37.)

Thereafter, on July 8, 2013, Movants filed the instant Motion to Intervene and Challenge Plaintiff's Adequacy as a Class Representative.[1] In the Motion, Movants request that the Court grant intervention as of right pursuant to Fed. R. Civ. P. 24(a) to: (1) challenge the adequacy of Plaintiff to represent the settlement class; (2) seek leave to file a motion to bifurcate the claims of Route Sales Representatives ("RSRs"), who are listed as part of the settlement class; and (3) object to the settlement because Plaintiff is not an adequate class representative for RSR class members.

**B.     Proposed Intervenors' State Court Proceeding**

Movants are the named plaintiffs in *Marincovich v. Aramark Uniform & Career Apparel Group, Inc.*, a wage and hour class action in Los Angeles Superior Court, Case No. BC494530. Movants filed the *Marincovich* action on October 24, 2012. The *Marincovich* complaint seeks remedies on behalf of RSR employees in certain Southern California locations who were classified as "Commission Route Sales Representatives" or "Hourly Route Sales Representatives." (Motion at 4.) The complaint alleges the following claims: (1) Violation of California Labor Code sections 204, 206, 218, 510, 511, 1194 and 1198; (2) Injunctive Relief, Declaratory Relief, Restitution for Violations of Unfair Business Practices (Bus. & Prof. Code section 17200, *et seq.*); (3) Violation of Labor Code section 200, *et seq.*; (4) Violation of Labor Code sections 226.7 and 512; (5) Violation of Labor Code

---

[1] Movants concurrently filed a Motion to Shorten Time for Hearing the Motion to Intervene or in the Alternative Administrative Relief Temporarily Staying Morazan Matter Until the Motion to Intervene Has Been Heard (Dkt. No. 38), wherein Movants requested oppositions be filed within one week and that the Court hold a hearing on the Motion to Intervene on July 23, 2013. The Court denied the Motion to Shorten Time. As of the date that the Motion to Intervene and Motion to Shorten Time were filed (July 8, 2013), notice of the class action settlement was scheduled to be mailed to the settlement class, pursuant to the Preliminary Approval Order, on July 25, 2013.

sections 226.7 and 512; (6) Penalties Under PAGA Labor Code section 2698, *et seq.*; and (7) Violation of Labor Code sections 219, 224, and 1198. (*Id.*)

Aramark removed *Marincovich* on November 30, 2012 to the Central District of California. On March 6, 2013, Aramark filed a Supplemental Notice of Pendency of Other Actions or Proceedings. (Case No. 12-cv-10245-PSG-JEM [C.D. Cal.] at Dkt. No. 35.) In the Supplemental Notice, Aramark informed the court and Movants of the *Morazan* action and stated that "[t]he putative class in the present [*Marincovich*] action is encompassed within the putative class in *Morazan*. The subject matter of the claims alleged in both actions will overlap." (*Id.* at 4.) The *Marincovich* plaintiffs filed a motion to remand and Aramark filed a motion to dismiss. The *Marincovich* court granted the motion to remand and denied the motion to dismiss as moot.

Thereafter, the parties filed a Joint Initial Status Conference Action Response Statement on May 1, 2013. (Declaration of Joseph Antonelli in Support of Movants Mitch Marincovich and Ryan Compton's Reply in Support of Motion to Intervene and Challenge Plaintiff's Adequacy as a Class Representative [Dkt. No. 53-1], Ex. 4.) The statement identified the *Morazan* action as an action with an overlapping class definition. (*Id.* at 3.) In addition, plaintiffs stated they were open to an early mediation, whereas defendant stated that it "believes it is too early in the litigation to consider Alternative Dispute Resolution" and "respectfully request[ed] that the Court revisit this issue at a future status conference." (*Id.* at 5.)

On July 1, 2013, plaintiffs' counsel filed a Notice of Ruling at Status Conference of June 25, 2013 and Continued Hearing. (Dkt. No. 53-1, Ex. 5.) The Notice stated that a further status conference would be scheduled for October 8, 2013[2], and stated that the parties were to file a Joint Report stating the status of the instant action here, which "should cover the time frame to opt out of the settlement and whether Plaintiffs have opted out. If preliminary approval of the settlement is granted, state the position of each party in regard to whether the *Marincovich* class is encompassed by the *Morazan* class. [¶] If preliminary approval is denied, the parties will need to address class certification dates and a briefing schedule. If preliminary approval is granted and the *Marincovich*

---

[2] An Amended Notice of Ruling at Status Conference of June 25, 2013 and Continued Hearing reflected a time change for the October 8, 2013 status conference, but left unchanged the rest of the initial notice of ruling. (Dkt. No. 53-1, Ex. 5.)

plaintiffs opt out, Plaintiffs should propose individual trial dates." (*Id.* at 2.) The *Marincovich* court also ordered a stay of proceedings. (*Id.*)

**II.     DISCUSSION**

    **A.     Standard on Motion to Intervene Under Fed. R. Civ. P. 24(a)**

Intervention is a procedure by which a nonparty can gain party status without the consent of the original parties. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("intervention is the requisite method for a nonparty to become a party to a lawsuit").  There are two types of intervention: intervention of right and permissive intervention.  In the instant motion, Movants seek to intervene as a matter of right.  Intervention exists as a matter of right when a federal statute confers the right to intervene or the applicant has a legally protected interest that may be impaired by disposition of the pending action and that interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a).

Courts in the Ninth Circuit apply a four-part test to determine whether intervention should be granted as a matter of right: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest must be inadequately represented by the parties to the action; (3) disposition of the action without intervention may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1061 (9th Cir. 1997).  The applicant bears the burden of establishing *all* of the criteria, and the rule is construed "broadly, in favor of the applicant for intervention." *Donnelly*, 159 F.3d at 409.  Failure to satisfy any one of the requirements is fatal to the application, and a court "need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).  Timeliness is "the threshold question" for intervention as of right. *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997) (citations omitted).

**B.     Analysis**

The Court first addresses the element of timeliness. In the Ninth Circuit, three criteria are considered in determining whether a motion to intervene is timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996) (citing *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir.1990)). "Where a proposed intervenor seeks to intervene for purposes of objecting to a proposed settlement, timeliness generally is measured from the date the proposed intervenor received notice that the proposed settlement was contrary to its interest." *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 474936, at *3 (N.D. Cal. Jan. 17, 2007), *aff'd* 331 F. App'x 452 (9th Cir. 2009).

On the issue of whether the Motion is timely based on the stage of proceedings, Movants make two arguments. First, a motion to intervene is "presumptively timely" when filed before the deadline to opt-out of a class settlement. (Motion at 18 (citing *Glass,* 2007 WL 474936, at *3) (also citing Third Circuit authority stating that the permissible "time frame" for such motion is "at least as long" as the opt-out period).) Here, they have filed their Motion "at the appropriate stage of the proceeding" because it is prior to the deadline to opt-out of the class or object to settlement.[3] (*Id.* at 19.) Second, they have acted timely because they filed the Motion "only approximately two (2) weeks" after the Preliminary Approval Order. (*Id.* at 20.)

As to the element of prejudice, Movants argue that "there is no 'serious' prejudice" to Morazan or Defendants because "Movants have not delayed, the settlement is currently unacceptable, and the RSRs['] due process rights are in jeopardy by the *Morazan* settlement." (Motion at 20, 22.) Movants also argue they only learned of the *Morazan* settlement on May 7, 2013 and have acted quickly in moving to intervene, with the Motion being filed only two months after being informed of

---

[3] Movants emphasize they not only filed their Motion prior to the opt-out deadline, but they filed it prior to the mailing of the notice of the class action settlement, which was then-scheduled to occur on July 25, 2013.

the settlement and the filing of the motion for preliminary approval.[4]  Finally, Movants note that they were never informed of the *Morazan* settlement discussions prior to the filing of the motion for preliminary approval.

Morazan and Defendants disagree.  They argue Movants received notice of the *Morazan* action on March 6, 2013 when Aramark filed the Supplemental Notice of Pendency of Other Actions or Proceedings, and also received notice of the motion for preliminary approval on the day it was filed, May 7, 2013.  Yet, Movants waited to inform class counsel of its intent to seek intervention until June 30, 2013—five days after the Court preliminarily approved the settlement.  Eight days after that, on July 8, they filed the instant Motion.

Next, Morazan and Defendants argue that significant prejudice will result from intervention given the efforts the parties have invested in settlement and obtaining preliminary approval.  Importantly, class members will be prejudiced by intervention because notices of settlement have been sent and class members' monetary payments will be delayed.  In contrast, RSRs are not prejudiced because they retain the ability to opt-out or object.

In light of the circumstances in this case, the Court finds that Movants failed to make this Motion in a timely manner.  Movants concede that "the relevant circumstance . . . for determining timeliness is when the intervenor became aware that its interest would no longer be protected adequately by the parties."  *Legal Aid Soc. of Alameda Co. v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980).  Here, Movants learned of the settlement on May 7, 2013.  While Movants argue that they immediately began settlement conversations with the parties, which lasted until June 27, 2013, this does not excuse waiting two months to file the instant Motion—particularly given the posture of the case.

The fact that Movants immediately began settlement discussions upon learning of the *Morazan* settlement is itself an indication that Movants sensed some urgency in the situation.  Movants were aware of the motion for preliminary approval but elected not to file their Motion to Intervene prior to the preliminary approval hearing, nor did they appear in person at the hearing.

---

[4] Movants also argue that the Motion is more timely and less prejudicial because it allows the Court to address their objections to the settlement prior to the final approval hearing, scheduled for November 12, 2013.

Instead, Movants waited until *after* the hearing, *after* the Court invested significant time and effort in reviewing the proposed settlement, *after* the parties met and conferred and submitted additional documentation to address the Court's concerns, and *after* the Preliminary Approval Order issued.[5]

In addition, the Court is simply not persuaded by Movants' argument that there is no prejudice to the parties by permitting intervention. Movants' arguments that "the settlement is currently unacceptable, and the RSRs['] due process rights are in jeopardy by the *Morazan* settlement" attempt to intertwine their arguments regarding other requirements for intervention, such as adequacy of representation and whether they have a significantly protectable interest, and miss the point regarding prejudice and timeliness. These arguments ignore the plain fact that intervention will delay the claims process for the class members that have returned claim forms thus far. (Reporter's Transcript of Proceedings at 9, 13 & 24 (900 class members opted-in as of August 13, 2013, and *one-third of RSRs* returned claim forms to participate).)

The Court hereby **DENIES** Movants' Motion to Intervene as untimely under the circumstances of this case. Because the Court finds the element of timeliness has not been satisfied, the Court declines to consider Movants' additional arguments in support of intervention. *League of United Latin Am. Citizens*, 131 F.3d at 1302 (the court need not reach any of the remaining elements of Rule 24 if the motion to intervene was not timely). This Order does not affect Movants' right to opt-out of the settlement class or object to the settlement.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Movants' Motion to Intervene.

This Order terminates Dkt. No. 39.

---

[5] Movants also note that they ordered transcripts of the preliminary approval hearing on or about June 25, 2013, but did not receive them until July 22, 2013 "despite numerous attempts to follow-up on that order." (Movants' Reply in Support of Motion to Intervene and Challenge Plaintiff's Adequacy as a Class Representative [Dkt. No. 53] at 11 n.2.) Despite this attempt to shift blame onto the Court Reporter for their delay, the fact remains that Movants elected not to attend the hearing in person and chose not to file any motion or notice with the Court from May 7 to June 25.

**IT IS SO ORDERED.**

Dated: September 3, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE